John Jennison, *et al.* appellants, *vs.* Hutchins Hapgood, executor *of Jonathan Grout, deceased,* appellee.

*Essex,*
March, 1827.

A plea in abatement must be pleaded at the first term of the court in which the suit is entered.

And the exception as to the *time* of filing such plea, is not waived by a demurrer. The party may either sign judgment, move to have the plea set aside, or demur:

If a citizen and resident of another state die testate, leaving estate within this state, and his executor file a copy of the will and of the probate thereof in the probate office of any district in which such estate lies, and take letters of administration, with the will annexed, of the testator's estate within this state, the proper court of probate here has jurisdiction of his administration account within the state, notwithstanding proceedings previously commenced may be pending against such executor, touching his account, in the state where the principal administration is had.

THIS was an appeal taken by the heirs to the estate of *Jonathan Grout,* deceased, from a decree of the probate court for the district of Essex, allowing the administration accounts of *Hutchins Hapgood, Esq.* the executor of the last will and testament of said *Grout.*

The deceased was, in his life time, an inhabitant of Massachusetts, and died there, leaving a will. He had been occasionally in Vermont, and owned lands and had debts and credits there. The executor proved the will in Massachusetts, procured a certified copy of the record of the will and of the probate thereof, and having filed the same in the office of the register of the probate court for the district of Essex, in which the lands lay, gave bonds for the faithful administration of the goods and estate of the deceased, within this state, and thereupon took charge of and controled the lands, made disbursements on account thereof, and paid debts of the deceased.

This appeal having been taken to this Court, from a decree of the probate court for the district of Essex, allowing the executor's account of the administration within this state, the same was continued from term to term for several terms. And now, at this term, the appellants pleaded in abatement the pendency of a suit in the Supreme Court of Massachusetts, upon the executor's account, which is averred to contain the same identical charges, items and subjects of account, which are here exhibited. To this plea the appellee demurred..

After argument, the opinion of the Court was delivered by

Skinner, Ch. J. The Court have no hesitation in saying that this plea must be overruled. A plea in abatement, according to the uniform course of decisions of the courts in the state, and the established rules of law, must be pleaded at the first term of the Court in which the suit is entered. The suggestion that the party, to avail himself of the objection arising from the time of pleading, must apply to the Court to set aside the plea, and that by the demurrer, the exception is waived, is not correct. The plaintiff may either sign judgment, move to have the plea set aside, or demur.

Although it has been held, that the pendency of a suit in the courts of another state is not cause of abatement, yet as we consider the law not fully settled, and it being unnecessary at this

Jennison
et al.
vs.
Hapgood.

time to decide the question, no opinion upon the point is intended to be expressed.

As to the jurisdiction of the court of probate for the district of Essex, in this case, we have no doubt. The statute provides for the recording, &c. of the copy of a will proved and allowed in any probate court in any of the U. States, and gives thereto the effect of an original will, proved and allowed in this state. It directs the judge of probate to take bonds for the faithful administration, &c. and to settle the estate in the same way and manner as by law he may the estate of a testator, whose will has been proved before him. It appears the deceased had his domicil in another state, and but a temporary or occasional residence here. The principal administration is probably in Massachusetts, and if this account could as properly be referred to the decision of the probate courts of that state, as of this, (proceedings upon the administration account having been there previously commenced, and now pending) it might be expedient to dismiss the subject altogether, or to postpone any further proceeding till opportunity may be had for a final decision in that state. But from the record before us, it appears that the account upon which the decree was made consists as well of charges for services and expenditures of the executor, arising from his care and charge of the real estate, the payment of taxes, &c. &c. as for the payment of the debts of the testator in this state, and by the laws of this state the executor or administrator is required to take the exclusive charge of the real estate of the testator or intestate, to keep the same in repair, to account for the rents and profits, and is liable for any loss occasioned by his neglect. As an executor or administrator, as such has not at common law (or in Massachusetts as we suppose) any interest in or control over the real estate of the deceased, it is believed the account, so far at least, is exclusively within the jurisdiction of the probate courts of this state. Commissioners, therefore, must be appointed, who will proceed to take the account, and forthwith make report according to the statute.

Act of Nov. 7,
1825, sec. 12.

And commissioners were accordingly appointed, to take and report to this court, at the next term thereof, the account of the executor.

*Levi Barnard* and *Louis Bigelow*, for the appellants.

*Seth Cushman* and —— *Hines*, for the appellee.