### CYRUS DOLBEAR *v.* TOWN OF HANCOCK.

No authority to serve a process can be conferred upon one, who has not power by statute for that purpose, without a judicial act of the magistrate who signs the process.

Where a writ, returnable to the county court, was directed, by the magistrate who signed it, in these words,—" To any sheriff or constable in the state, or to E. K. Gladding, constable of Granville," omitting to state therein the statute reasons for making a special authorization, and the writ was served by Gladding out of the town of which he was constable, it was held, that the service made by him was void.

And the county court have no power to permit the magistrate, who signed the writ, to amend the direction, after the case has been entered in court, by inserting therein the statute reasons for making the authorization; and the affidavit of the magistrate, that he omitted the requisite matter by mistake, can have no effect.

In this case the original writ, which was returnable to the county court, November Term, 1842, was signed by a justice of the peace, and was directed in these words;—"To any sheriff or constable in the state, *or to E. K. Gladding, constable of Granville ;* " and the service was made by Gladding out of the town of which he was constable. At the term at which the case was entered in court the defendants pleaded in abatement, that the writ was not served by any officer or other person by law authorized to serve it. Upon this plea issue was joined; and at the same time the plaintiff moved for leave to amend the process, by inserting, in the direction of the writ, that no proper officer could be seasonably had to serve it, and that the person, to whom it was directed, was an indifferent person. To the allowance of this amendment the defendants objected. The plaintiff then offered the affidavit of the justice of the peace, who signed the writ, stating, that he knew, at the time of signing the writ, that Gladding had no power, as constable of Granville, to serve it, and that he intended to authorize him, as a disinterested person, to serve it, for the reason that no proper officer could be seasonably had, and that he supposed, at the time, that the writ was properly directed for that purpose. The defendants objected to this testimony, as irrelevant; but the court received the affidavit, and permitted the plaintiff to amend. Exceptions by defendants. Upon the general issue, subsequently joined in the case, judgment was rendered for the plaintiff.

*C. Coolidge* for defendants.

1. There was a total want of *authority* in the person named in the process to serve it; he had no such authority as constable, and the words "constable of Granville" are mere surplusage. The process is the same, then, as if directed "to E. K. Gladding." A direction to one, by his name only, who has not official authority, confers none. The appointing one to serve legal process, who is not, by virtue of his office, authorized so to do, is a judicial act,

*Bebee* v. *Steel*, 2 Vt. 314.   *Kellogg, ex parte*, 6 Vt. 509.   *Kelly* v. *Paris*, 10 Vt. 261.   *Ross* v. *Fuller*, 12 Vt. 265.

2.   The amendment was improperly allowed.   There was nothing to amend by ; the process was utterly void.   *Hearsey* v. *Bradbury*, 9 Mass. 95.   *Campbell* v. *Stiles*, Ib. 207.   *Wood* v. *Ross*, 11 Ib. 271.   *Brier* v. *Woodbury*, 1 Pick. 362, 366.   *Eno* v. *Frisbie*, 5 Day 122.

3.   The testimony of the justice, who signed the writ, was inadmissible.   The act of the person assuming to make service was inoperative and void, *when done*, for the want of authority in him to do it.   No such act can be made valid by relation, or intendment.

*A. P. Hunton* and *R. Walker* for plaintiff.

1.   The amendment was properly allowed.   The rule in this state is, that " any of the courts" " may at any time permit either of the parties to amend any defect in the process, or pleadings."   1 Tol. St. 74.   Rev. St. 161.   To this rule there is no exception.   *Mattocks* v. *Stearns et ux.*, 9 Vt. 326.   *Sherman* v. *Prop. of Conn. River Bridge*, 11 Mass. 338.   In *Chadwick* v. *Divol*, 12 Vt. 499, the writ was served by a sheriff, to whom it was not directed, and the court allowed it to be amended.   And the same was done in *Hersey* v. *Bradbury*, 9 Mass. 95.

2.   The court did not err in admitting the testimony.   If any doubt existed, after inspection of the record, as to the facts, it was proper that it should be removed by extrinsic evidence.   *Richardson* v. *Mellish*, 3 Bing. 334. [11 E. C. L. 127.]   3 Bl. Com. 410.   *Wynne* v. *Thomas*, Willes 563, 570.

3.   The process was sufficient, without amendment.   It is not necessary that either of the facts should be stated in the direction of a writ, which must be found by the magistrate signing it, before authorizing a person to serve it.   *Bell* v. *Chipman*, 2 Tyl. 423.   *Miller* v. *Hayes et al.*, Brayt. 21.   Rev. St. 180, § 7; 484, Form 3 ; 179, § 6.   1 Sw. Dig. 610.   A justice must find the same facts, before authorizing a person to serve process returnable before himself; but they need not appear upon the process; Rev. St. 171, § 22. A *subpœna ad testificandum* formerly contained a direction to an indifferent person, naming him, but stated no want of an officer; Slade's St. 323 ; it is now in common form; Rev. St. 490; yet the

provisions of the law are not altered. Slade's St. 132, § 26; Rev. St. 176, § 65. In the direction of each of the two warrants, in proceedings for the removal of a pauper, a fact is stated; Slade's St. 324, 325; Rev. St. 500, 501; yet none is required to be found; Rev. St. 102, § 4. In the direction of a warrant for commitment of a person refusing to make a deposition no fact was stated, though a person was named; Slade's St. 331; yet it was required that a fact should be found; Slade's St. 82, § 82; it is now in common form; Rev. St. 495. The direction of a citation to a party to attend the taking of a deposition stated only that the person to serve it was indifferent; Slade's St. 82; Rev. St. 497; yet the justice was required to find every fact necessary in this case. Rev. St. 204, § 3; Ib. 171, § 22; Ib. 180, § 7.

The opinion of the court was delivered by

ROYCE, Ch. J. This case is presented on exceptions taken in the county court in reference to a plea in abatement. The ground of the plea was, that the writ was served by a person possessing no authority to make the service, either as a public officer, or by special appointment. The direction was to any sheriff or constable, &c., "or to E. K. Gladding, constable of Granville." The plaintiff moved, that the magistrate, who signed the writ, should be permitted to insert the statute grounds for making a special direction of the writ, and also for selecting the person named. This was permitted by the court; and the ground of abatement was treated as being thereby removed. To this course the defendants excepted; and they still insist upon their plea.

The sole question is, whether the court erred, in attempting to cure the defect in the manner stated.

It is needless to say, that the affidavit of the magistrate, that he omitted the requisite matter by mistake, should have no influence on the question. The case seems to have little analogy to that of *Chadwick* v. *Divoll*, 12 Vt. 499, where the writ was served by a public officer, to whom it had not been previously directed. To render that case an authority for this, it should have appeared, not only that the court allowed a direction to the officer to be inserted in the writ after service made, but that the officer was appointed to his office after he had attempted to serve the writ. Here there was

neither a general nor special authority, when the pretended service was made; and without a judicial act of the magistrate no authority could be conferred. *Kellogg, ex parte,* 6 Vt. 509. *Kelly* v. *Paris,* 10 Vt. 261. But it was too late for the exercise of judicial power, by the magistrate, when this amendment took place. We can only regard the service as entirely void; and hence no amendment could make it good.

Judgment reversed, and judgment that the writ abate.