### ISAAC B. CULVER *v.* ADNA P. BALCH.

*Motion to quash for extrinsic matter. Authorization of officer to
serve county court writ. Form of authorization. Case explained.
Several pleas in abatement. Demurrer for duplicity.*

A motion to quash can only be sustained in cases, where the matter of abatement
is apparent upon the record; if it do not appear by the record, but is extrinsic,
it must be pleaded in issuable form, that the opposite party may have an oppor-
tunity to traverse it.

If the motion be founded upon matter, which does not appear of record, and which
it is not necessary should so appear, in order to render the process valid, it
will be held ill upon demurrer.

It is not necessary to the validity of the authorization of an indifferent person to
serve a writ returnable to the county court, that it should be stated in the au-
thorization, that a known public officer could not seasonably be had, to serve
the writ. Nothing more, certainly, is necessary to be inserted in the writ, than
the name of the person authorized, and that he is an indifferent person.

Culver *v.* Balch.

An authorization, inserted in the direction of such writ in these words,—" To Alonzo B. Nutt, an indifferent person, to serve and return,"—is sufficient.

The case of *Dolbear* v. *Hancock.* 19 Vt. 388, commented upon and explained.

The statute authorizing several pleas does not extend to pleas in abatement.

If several pleas in abatement be pleaded at the same time to the same process, each distinct in itself, and each alone, if well pleaded, sufficient to answer the writ, they will be held ill for duplicity,—the same as they would be, if the several grounds of abatement were embraced in one plea.

And advantage may be taken of such defect in the pleas upon demurrer;—it is not necessary, that it should be by motion to have all the pleas but one taken from the files.

INDEBITATUS ASSUMPSIT. The suit was commenced in the county of WINDSOR. The writ was made returnable to the county court, and was served by Alonzo B. Nutt, an indifferent person, and was directed to him in these words,—" To Alonzo B. Nutt, an indifferent person, to serve and return." The defendant moved, that the writ be quashed, for the reason that it was not stated in the authorization, that it appeared to the magistrate signing the writ, that no sheriff or constable, authorized by law to serve the writ, could seasonably be had. The defendant also filed three several pleas in abatement. In the first it was alleged, in substance, that the writ was signed and the recognizance taken and minuted by a justice of the peace who was the father of the plaintiff's wife, and so related to the plaintiff within the fourth degree of affinity. In the second it was alleged, as cause of abatement, that the writ was served by an indifferent person, specially authorized, and that the writ was signed and the authorization made by a justice of the peace, who was the father of the plaintiff's wife, and so related to the plaintiff within the fourth degree of affinity. In the third plea, the same matter was alleged, as cause of abatement, which was set forth in the motion to quash. To the motion and pleas the plaintiff demurred generally.

The county court, February Adjourned Term, 1851,—COLLAMER, J., presiding,—adjudged the motion and pleas sufficient, and rendered judgment, that the writ abate and be dismissed. Exceptions by plaintiff.

*Washburn & Marsh* for plaintiff.

*Tracy, Converse & Barrett* for defendant.

The opinion of the court was delivered by

KELLOGG, J. The motion to dismiss cannot be sustained. It has long been, settled, at least in this state, that a motion to quash can only be sustained in cases, where the ground or matter of abatement is apparent upon the record. If the ground relied upon does not appear by the record, but is extrinsic, it must be pleaded in issuable form, that the opposite party may have an opportunity to traverse. *Essex* v. *Prentiss,* 6 Vt. 47. So if the motion be founded upon matter, which does not appear of record, and which it is not necessary should so appear, in order to render the process valid, the motion cannot be sustained and may well be demurred to. The motion is founded upon the assumption, that it is necessary to the validity of the authorization of Nutt to serve the writ, that it appeared to the authority signing it, that a known public officer, authorized to serve the same, could not be seasonably had, and that that fact should have been inserted in the process. And the case of *Dolbear* v. *Hancock,* 19 Vt. 388, is relied upon as sustaining this position.

We do not think, however, that that case supports the proposition. The writ was directed to " E. K. Gladding, constable," but it was not alleged, that he was an indifferent person. The county court permitted the plaintiff to amend, by inserting that Gladding was an indifferent person and that a proper officer could not seasonably be had to serve the writ. This court held, " that there was neither a general or a special authority, when the pretended service was made; and that without a judicial act of the magistrate no authority could be conferred;" and that it was too late for the exercise of judicial power by the magistrate, when the amendment was made; and it was held, that the service was valid, and that no amendment could make it good. This court did not upon that occasion say, that it was necessary to have it inserted in the writ, that no proper officer could seasonably be had to serve the same. Nor did the court intend to make any such intimation. The direction to Gladding did not purport to be made to him as an *indifferent* person, but in his official capacity of constable of Granville; and this gave him

Culver *v.* Balch.

no authority to serve the writ, and hence the service was held to be void. In case of a special deputation, the statute requires, that the writ be directed to an indifferent person by name; and this is believed to be all, that the statute requires, to perfect the authorization. In *Miller* v. *Hayes*, Brayt. 21, it was held not even necessary to allege, that the person authorized was indifferent. But at all events we are quite clear, nothing more is necessary to be inserted in the writ, than the name of the person authorized and that he is an indifferent person. This is the extent, to. which the case of *Dolbear* v. *Hancock* goes. The authorization in this case is sufficiently alleged in the writ, and consequently the demurrer, as applied to the motion, must prevail.

It is urged, that the pleas are bad for duplicity and multifariousness.

The filing of several pleas in abatement of the same process, and all pending at the same time and for the same cause, and each alone, if well pleaded, sufficient to answer the writ, is, to us, a novel proceeding. No practice of the kind has ever been known, no adjudged case sanctioning such pleading has been brought to our notice, and the elementary works hold such pleading to be inadmissible. It is said by Baron Comyns, in his digest, vol. 1, p. 27, I. 3, *that a man shall not plead two pleas in abatement; for that will be double;* and by Justice Story, in his treatise upon pleading, " that a plea in abatement must be free from duplicity—that the plea must not contain two several matters, each of which alone is a sufficient answer to the plaintiff's writ. *Neither shall the defendant, at the same time, plead two several pleas in abatement,* each of which is an answer to the whole of the plaintiff's writ." Where, however, there are two defendants, each may plead *distinct* matter in abatement of the same suit, and then it is not subject to the charge of duplicity.

Duplicity in pleading is said to consist in alleging, for one *single* purpose, or object, two or more distinct grounds of complaint, or defence, when one of them would be as effectual in law, as both, or all. The pleas contain two distinct grounds of abatement, and are alleged for one purpose, or object, the abatement of the suit, and either, if sustained, would be as effectual as both. Nor is the objection of duplicity obviated by the fact, that the several grounds of abatement are set forth in separate pleas, inasmuch as the statute

authorizing double pleading does not extend to pleas in abatement. This mode of pleading in abatement is unwarranted by either the common law, or by statute, and it seems to us, that the pleas are obviously subject to the charge of duplicity. The objection as well applies to the pleadings, as it would, were the *several grounds* of abatement embraced in one plea.

It is said, however, admitting the pleas open to the charge of duplicity, that the objection can only be taken advantage of by motion to the court, to have all the pleas but one taken from the files. That course might undoubtedly have been taken, but it was not the plaintiff's only remedy. We think he may well avail himself of the objection by demurrer. In *Jennison* v. *Hapgood,* 2 Aik. 31, a plea in abatement was filed out of time, to which the plaintiff demurred. It was urged in that case, that, to avail himself of the objection arising from the time of the pleading, the plaintiff must apply to the court to set aside the plea, and that by demurrer the exception was waived. But the court held, that the exception was not waived, and that the plaintiff might either *sign judgment, move to have the plea set aside, or demur.* If the demurrer was properly sustained in that case, we think it may well be sustained in this case.

The result is, that the judgment of the county court must be reversed, and a *respondeas ouster* awarded, and the case remanded for farther proceedings.