ELLIS BLISS, ADMINISTRATOR, v. MYRON SMITH, THERON SMITH
AND MARY SMITH.

*Authorization.    Motion to Dismiss.    Pleading.    Abatement.*

An authorization inserted in the direction of a county court writ in these words:
"To C. H. Harding, an indifferent person, to serve and return," is sufficient. 23
Vt.; 618.

Alleged grounds of dismissal, which involved matters not shown by the record, and
such as may be the subject of an issue and controversy as to the existence of the
facts, are improper in a motion to dismiss, a plea being the proper mode of bring-
ing the subject before the court.

A prayer of a plea in abatement that a writ in ejectment be quashed and abate as
to all the three defendants, where the plea alleges ground for abatement applica-
ble only to two, is too large; and the plea in such case was adjudged insufficient.

EJECTMENT. The writ was directed "to any sheriff or consta-
ble in the state, or to C. H. Harding, an indifferent person, to
serve and return," and was made returnable to the county court.
Plea in abatement and motion to dismiss, and demurrer by the
plaintiff. The court at the December term, 1867, PECK, J., pre-
siding, *pro forma*, adjudged that the writ abate. Exceptions by
the plaintiff. The grounds for dismissal alleged in the motion
were, (1) that the magistrate who signed the writ did not author-
ize said Harding to serve the same for the reason that no proper
officer could seasonably be had, and no such reason for such ap-
pointment is named in such authorization. (2) That said Hard-
ing had no sufficient and legal authority for making service. (3)
That said Harding was not an indifferent person for the reason
that he recognized to the defendant for costs. (4) Because said
authorization was inserted by himself in his own handwriting,
after the writ was signed by the magistrate, and without his knowl-
edge and consent. (5) Because the magistrate who signed the
writ did not adjudge that no proper officer could seasonably be
had. (6) Because said Harding was not in any way legally au-
thorized to serve said writ.

The ground for abatement alleged in the plea was that said
Harding, who was authorized and did serve the writ upon two of
the defendants, was the same person who recognized for the costs,

" wherefore the defendants pray judgment that the writ be quashed and abate and for their costs."

The returns showed that the writ was served upon the defendants, Sheridan Smith and Mary Smith, by said Harding, and upon the defendant Myron Smith by S. N. Perry, deputy sheriff. Said Harding also recognized to the defendant in the sum of twenty dollars for the costs.

*R. McK. Ormsby*, for the plaintiff.

*William & S. B. Hebard*, for the defendant.

The opinion of the court was delivered by

BARRETT, J.   The very point made under the motion to dismiss for the manner of the authorization was made and decided in *Culver* v. *Balch*, 23 Vt., 618.

The other grounds of the motion involved matters not shown by the record, and such as may be made the subject of an issue and controversy as to the existence of the facts. This being so, a plea, and not a motion, is the proper mode of bringing the subject before the court.

The judgment of the county court sustaining the motion cannot be maintained.

As to the plea in abatement, the service of the writ upon Myron Smith was unexceptionable, and no question is made as to its validity. Upon the other two defendants it is objected that the service is invalid, for the reason assigned, viz.: that the person making the service was not in fact indifferent. The plea is made by and in behalf of all the defendants. If they insist that the service should be avoided for the cause assigned, it is proper that they should be content to have it treated and held by the court to be void. If void, it is the same as if no service had been made under the attempted authorization. If no service had been made under it, then the case would have stood in court to be proceeded with against the said Myron according to the provision of the statute in that respect. Gen. Sts., ch. 40, § 5.

The defect of service on the other two cannot affect the validity

Bliss, administrator, *v.* Smith et al.

of the service on said Myron, and as the statute does not require that the defendants shall be answerable jointly, but permits that they may be pursued severally, it is not for the said Myron to be acquit for a cause that does not affect his liability to answer and respond to the suit on its merits. Nor can the other defendants be permitted to claim for him a result by reason of a cause that in any event could be operative only as to themselves, which he would not be entitled to assert for himself.

We think the point is well taken that the prayer of the plea is too large in asking that the writ shall be quashed as to all the defendants. We decide nothing else as the case is now before us.

The *pro forma* judgment is reversed, and judgment that the motion be dismissed, and that the plea is insufficient, and that the defendants answer over.

The case is remanded.