## GEORGE BROOKS *v.* EUGENE S. FARR.

*Attachment. Description of Property. Authorization of Indifferent Person.*

In trover for a cow, it appeared that defendant, as constable, attached five cows as the property of R. by leaving a copy of the writ with his return thereon in the town clerk's office, describing the property attached in his return, merely as five cows on the premises of R. R. then had seven cows, but defendant supposed he had but six. Plaintiff, as an authorized person, afterwards' in like manner attached at suit of other parties as the property of R., one of the cows that defendant described or intended to describe in his return—a cow that defendant knew and saw on the premises on the day he attached—describing it more particularly as "a small, light-red cow." Afterwards, and within twenty days of his attachment, defendant took the five cows into his possession and sold them regularly on the writ. *Held*, that defendant was not bound to give a description of each cow so particular that a subsequent attaching creditor could not err in determining which he had attached ; that if plaintiff, when he ascertained that there was one cow in excess of defendant's attachment, wished to attach it, he should have made his attachment subject to defendant's, and, at the proper time, have called on defendant to select ; and that plaintiff gained nothing by his attachment as against defendant.

When authority is to be given to a person *sub modo*, it is usually necessary that the conditions of the giving should be strictly observed. Thus, *semble* that a writ directed "to any sheriff or constable in the State or to George Brooks," without the additional words, *an indifferent person*, would confer no authority upon the person named to make service thereof.

TROVER for a cow. Plea, general issue, and trial by jury, June Term, 1877, PIERPOINT, C. J., presiding.

It appeared that on April 6, 1876, the defendant, as constable, attached, among other things, five cows, the property of C. M. Rockwood, on a writ sued out by Harriet Stowell against Rockwood and others, by lodging a copy of the writ, with his return thereon, in the town clerk's office in Bristol. The property was described in the return as five cows, &c., on the premises of Rockwood, in Bristol, where the property in fact was. On the same day the defendant gave Rockwood personal notice of the attachment. Rockwood then had seven cows. The defendant knew that he had six—the five that he attached and one other— but did not know that he had seven. The defendant had seen the cows that he attached prior to the attachment, and could identify them when he made the attachment, and saw them directly after the attachment and on the same day.

On April 11th, Hodge & Hill sued out a writ of attachment against Rockwood, signed by a justice of the peace and directed " to any sheriff or constable in the State or to George Brooks," which the plaintiff served on the same day, as an authorized person, by attaching one cow, among other things, as the property of Rockwood, by leaving a copy of the writ and his return thereon in the town clerk's office. On the next day the plaintiff gave Rockwood notice of the attachment by delivering to him a copy of the writ with his return thereon. No other notice was ever given. Said cow was described in the return as one small, light-red cow. Afterwards, and within twenty days from the time of the first attachment, the defendant moved the property he attached from the premises of Rockwood, and took it into his own possession, and afterwards, but before judgment, sold it under provisions of the law, and, with the consent of Rockwood, paid the proceeds to the creditor named in the writ. At the time he moved the property as aforesaid, he had heard that Rockwood had seven cows, and that the plaintiff had attached one as the property of Rockwood, but did not know what particular cow. When the defendant made the attachment aforesaid he intended to attach the same five cows that he afterwards took and sold. Judgment was

rendered in favor of Hodge & Hill on May 12th. Execution was issued and delivered to the plaintiff on the 13th, and on the same day he levied on all the property attached on the writ, except the cow and some other things, and sold the same on the execution, and returned the execution unsatisfied. The plaintiff never had possession of the cow he claimed to have attached, and never demanded any cow of the defendant. The plaintiff claimed that the cow he attached was one of the five that the defendant took from Rockwood's premises, and that he was therefore entitled to recover for the same.

The defendant requested the court to charge that the plaintiff had no authority to serve the writ for Hodge & Hill, and that no lien was created by attachment thereon as against the defendant's prior attachment, and that the notice to Rockwood was not in accordance with the statute and was insufficient to hold the cow on said attachment as against the defendant; but the court refused so to charge, and charged that the plaintiff had lawful authority to serve the writ, that the notice of said attachment was sufficient, and that the plaintiff, on the facts stated, was entitled to recover.

To the refusal to charge as requested and to the charge given, the defendant excepted.

*W. W. Rider*, for the defendant.

There was a total want of authority in the person named in the process to serve it. Gen. Sts. c. 31, s. 35; c. 33, s. 7; Sts. 1869, No. 41; *Dolbear* v. *Hancock*, 19 Vt. 388; *Washburn* v. *Hammond*, 25 Vt. 648.

The plaintiff should have given Rockwood immediate notice of the attachment. Sts. 1872, No. 47, s. 2.

The defendant described the property in his return on the copy lodged in the town clerk's office with reasonable certainty, and that is all that can be required. *Bucklin* v. *Crampton*, 20 Vt. 261.

The plaintiff's return on the copy left in the town clerk's office does not show that the cow attached was on Rockwood's premises; and if it does, it created no lien as against the defendant's prior attachment.

*R. H. Mardin* and *A. V. Spaulding*, for the plaintiff.

The plaintiff had authority to serve the writ for Hodge & Hill. Sts. 1869, No. 41.

Nothing can be intended in an officer's return but what is necessarily and fairly implied from what is expressed. The return should show a full and perfect description of the property attached. The manner in which a writ of attachment is served must appear fully in the return, and unless the return shows a legal service it is not sufficient to hold the property against subsequent attachment. *Reading* v. *Weathersfield*, 3 Vt. 349; *Sweetland* v. *Stevens*, 6 Vt. 577.

The plaintiff had a right to elect which one of the six cows he would attach.

The opinion of the court was delivered by

REDFIELD, J. The case shows that defendant, as constable, had attached five cows as the property of Rockwood on a writ of attachment in favor of Harriet Stowell against C. M. Rockwood and others; that he had perfected his lien by leaving an attested copy of the process in the town clerk's office, and that before the twenty days expired he took actual possession of the cows, and sold them regularly on the writ; that plaintiff, being aware of the defendant's attachment before the cows were actually removed, as an authorized person, attached one of said cows, described in his return as " one small, light-red cow," by leaving a copy of his writ and attachment in the town clerk's office.

It appeared that Rockwood owned, and had on his place, seven instead of six cows, as defendant supposed at the time of his attachment. The defendant knew that this " light-red cow " was owned by Rockwood and on the place, and was one of the five cows he described, or intended to describe, in his return; but his return shows merely that he " attached five cows," without any specific description.

The writ upon which the defendant as an authorized person, attached one " light-red cow," is directed " to any sheriff or constable in the State or to George Brooks." The plaintiff was not otherwise authorized to serve the writ.

I.   Before the statute of 1869, No. 41, the form of special authorization in justice and in County Court writs was unlike. In a justice writ the magistrate signing the writ indorsed upon the writ the words, " I authorize A. B. to serve this writ.   C. F., Justice of the Peace."   In a County Court writ the authority signing the same inserted in the body of the writ the name of the person authorized and the adjudication of the statute cause.   The statute of 1869 simply made *either mode* of authorization legal. In *Culver* v. *Balch*, 23 Vt. 618, it was decided that a direction " to A. B., an *indifferent person*," was sufficient ; and there is an intimation by KELLOGG, J., that if the words, " an indifferent person," had been omitted, possibly the authorization might be good, and the case of *Miller* v. *Hayes*, Brayt. 21, is referred to. In *Dolbear* v. *Hancock*, 19 Vt. 388, the writ was directed to " E. K. Gladding, Constable," and served by him.   In that case as in this, there was an entire omission of the statute *cause* and the statute *qualification* of the person authorized, and the court held that the service was void.

Where authority or jurisdiction is given to a person *sub modo*, it is usually necessary that the conditions and circumstances giving special jurisdiction and authority should *affirmatively* appear ; otherwise in case of one having general jurisdiction and authority. In case of authority to issue process against the body of a debtor under specified conditions, it has always been held that these conditions must affirmatively appear as a prerequisite to the exercise of authority.   It would seem more consistent with analogy that it should appear that the person authorized by directing the process to him, was " an indifferent person," such as the statute specifically requires.

II.   The defendant had attached five cows, and given a list of the property attached in his return, and had done all that the statute required.   He was not required to give a particular description of each animal, so that a subsequent attaching officer could not possibly err.   It would be impossible to describe each particular animal, in the attachment of cattle, sheep, colts, and pigs, in language that would make identity certain.   The case

finds that defendant saw and knew the five cows that he attached, and seasonably removed them.   Had the defendant attached one hundred sheep, could the plaintiff, if a regular officer, have wrested them from the defendant's lien and legal control by giving in his return a more perfect description?   Or if he find the number one in excess of the defendant's list, can the plaintiff take his election and choice out of the whole number, in defiance of the defendant's rights ?   We think the plaintiff's rights, if any, were subordinate to the defendant's attachment ; and that, when the plaintiff ascertained there was one cow. in excess of the five attached by defendant, he should .have made his attachment subject to the defendant's ; and, at the proper time, called upon the defendant to select the five cows by him attached.   We regard the defendant's attachment as good ; and that the plaintiff, if his authorization should be held good, got no right by his attachment to the " small light-red cow," as against the defendant.

*Judgment reversed, and cause remanded.*