# Moore *v.* Helms.

*Statutory Real Action in nature of Ejectment.*

1. *Award, as evidence of title to land.*—When a pending suit, involving the title to land, or the right of possession for a term not yet expired, is submitted to arbitration, the award rendered, though it can not have the operation and effect of a conveyance of lands, is evidence of title, which will support or defeat an action of ejectment, or a statutory action in the

[Moore v. Helms.]

nature of ejectment; but, when set up by the defendant, it is only matter of evidence, available under the plea of not guilty, is open to contestation, and must be determined by the jury, unless a trial by jury is waived.

2. *Motion to dismiss; when allowable.*—A motion to dismiss a suit is, ordinarily, founded upon matter of record apparent on the face of the proceedings, and can not be based on extrinsic matters; unless, perhaps, on a release given, or an agreement to dismiss made pending the suit; nor can it be made to subserve the purpose of a plea in bar, or to devolve upon the court a summary determination of the merits of the case.

3. *Admission of facts; not amounting to waiver of trial by jury.*—An admission of the facts, upon which a motion to dismiss the suit is founded, is not a waiver of a trial by jury, nor equivalent to an agreement to substitute the court for the jury as a trier of the facts.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. H. D. CLAYTON.

This action was brought by Thomas Moore, against Melton Helms, to recover the possession of a tract of land, with damages for its detention ; and was commenced on the 8th October, 1880.　At the October term, 1881, a judgment on verdict was rendered for the defendant; but, at the same term, a bill of exceptions was reserved, in which the facts are thus stated: "On the trial of this case, the following proceedings were had : The defendant moved the court to dismiss the cause, upon the ground that, heretofore, one W. B. Halstead brought his suit in this court, in the statutory form of ejectment, against the plaintiff in the present action, to recover the same lands involved in this suit; that said former suit, and the question of the title to said lands, was submitted to arbitration by the parties thereto ; that the arbitrators decided said suit in favor · of said Halstead, and that he was the owner of said lands; and that the defendant in this present action derived his title and possession from said Halstead.　The statements in the said motion being admitted as facts, the court thereupon granted the said motion, and dismissed the suit; and the *defendant* (?) excepted."　The appeal is sued out by the plaintiff, and the judgment dismissing the suit is assigned as error.

J. E. P. FLOURNOY, for appellant.

BRICKELL, C. J.—It may be that, if there was a former action pending between the plaintiff and Halstead, under whom the defendant derives title to the lands, involving the question of title, or the right to possession for a term not yet expired, which was submitted to arbitration, and, in pursuance of the submission, an award was rendered determining the question against the plaintiff, the award would bar the plaintiff from a recovery in the present action.　An award, though it can not have the operation and effect of a conveyance of lands, is evidence of title, upon which ejectment, or the corresponding statutory real ac-

24

[Young v. Hawkins.]

tion, may be supported or defeated.—*Adams on Ejectment*, 92 ; *Tyler on Ejectment*, 206. But, if this be true, the award is matter of evidence under the plea of not guilty, as is any fact showing that the plaintiff has not title, or has not a right to possession ; and it is open to contestation, as are all facts relating to the title or right of possession, and must be determined by the verdict of a jury, unless a trial by jury is waived, and the court is substituted as the trier of the facts.

2. A motion to dismiss a suit is, ordinarily, founded upon matter of record, apparent upon the face of the proceedings, because of some imperfection, gap or chasm, caused by the act or neglect of the plaintiff, or because of his disobedience to orders of the court; unless, perhaps, it is founded upon a release given, or an agreement to dismiss made pending suit. It can not be founded on matters extrinsic to the record; nor can it be made to serve the purpose of a plea in bar; nor can it devolve upon the court the determination summarily of the merits of the case.—*Allen v. Lewis*, at present term. P. 379.

3. It is true, the plaintiff admitted the facts upon which the motion to dismiss was founded ; but that admission can not be construed into a waiver of a trial by jury, nor into an agreement to substitute the court as the trier of the facts. Nor was there an admission that the award was unimpeachable ; and it is open to impeachment, whether it is specially pleaded, or only given in evidence to conclude the plaintiff. Upon this motion, the court ought not to have determined the merits of the case, but ought to have remitted the parties for trial to a jury.

Reversed and remanded.