# Brunson *v.* Morgan.

*Statutory Action in nature of Ejectment.*

1. *Title under chancery decree.*—A decree in chancery, divesting the
title to land out of the defendant, and vesting it in the complainant, is
sufficient evidence of title to maintain a subsequent action at law.

2. *Conveyance by plaintiff pending suit.*—As a general rule, the
plaintiff in ejectment must have title at the commencement of the suit,
and that title must continue until the trial; but a conveyance by him
pending the suit, when void as against the defendant in adverse
possession, can not be pleaded in bar of the further prosecution of the
suit; yet this exception does not apply when the defendant is estopped
from setting up his adverse possession, as where the plaintiff's title is
founded on a chancery decree, in which the question of adverse
possession was adjudged against the defendant.


APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JESSE M. CARMICHAEL.

This action was brought by Mrs. Sallie Morgan, against
Matthew Brunson, to recover the possession of a tract of
land, particularly described in the complaint; and was com-
menced on the 25th August, 1887. The defendant pleaded
not guilty, and a special plea to the further prosecution of
the suit, alleging that the plaintiff, by deed dated February
15th, 1888, had sold and conveyed her interest in the land to
one Silas Brunson; and issue was joined on both of these
pleas. The plaintiff claimed the land under a decree in
chancery rendered in her favor on 12th July, 1887, by which
the title of said Brunson and one C. S. Lee, defendants in
that suit, was divested out of them, and vested in her; and
she read in evidence, without objection, a transcript of the

suit in which that decree was rendered. The defendant then read in evidence, without objection, the conveyance executed by plaintiff to Silas Brunson, as set up in his special plea. "Plaintiff then introduced said defendant as a witness, who testified, that he had been in the exclusive use and occupation of said lands ever since he was a man, now for many years, and had cultivated and gathered the crops, openly claiming them as his own, against the plaintiff and all other persons; that he was so doing on the 15th February, 1888, at the time plaintiff conveyed said lands to Silas Brunson, and was still so claiming them, and that he never at any time, or in any way, recognized plaintiff's right to the land or crops. This being all the evidence, the court charged the jury, on request, that they must find for the plaintiff, if they believed the evidence." The defendant excepted to this charge, and he here assigns it as error.

W. D. ROBERTS, and J. D. GARDNER, for appellant.

H. L. MARTIN, *contra*, cited *Davis v. Curry*, 85 Ala. 133; 76 Ala. 211; 72 Ala. 460.

CLOPTON, J.—In order to establish her right of recovery, the plaintiff introduced and read in evidence a transcript of the proceedings and decree in a suit in chancery, brought by her and Silas Brunson, against C. S. Lee and Matthew Brunson, the defendant in the present action. In the bill in equity, the complainants claimed title under a mortgage, executed in March, 1871, by M. Brunson, Sr., and M. & S. Brunson, of which firm defendant was a member. The mortgage was made to M. H. Amerine, as trustee, to secure a debt due by the firm to Carey & Hudson. The name of the firm was signed to the mortgage by S. Brunson. The property was sold under the mortgage, and purchased by the beneficiaries, who afterwards sold and conveyed it to Stoudenmire & Co., who sold and conveyed to Silas Brunson, who sold and conveyed it to Sallie Morgan, the plaintiff. The purpose of the bill was to divest the title to the property embraced in the mortgage, which included the land sued for in the present suit, out of Matthew Brunson and C. S. Lee. On July 12, 1887, the Chancery Court rendered a decree, divesting whatever title and interest was owned and held by the defendants, and vested the same in Sallie Morgan. It may be conceded that the decree has the effect and operation

of a conveyance, and is evidence of title, upon which the plaintiff may maintain ejectment against the defendants in the chancery suit, or either of them.—*Moore v. Helms*, 74 Ala. 368.

The present suit was commenced August 25, 1887. No controversy seems to have been raised as to the sufficiency of the decree to support the action. A special plea, filed by the defendant, sets up as a defense, that the plaintiff sold and conveyed, February 15, 1888, all her right, title and interest in the land, to Silas Brunson; and in support of the plea, he read in evidence a deed executed by her and her husband on that day. The plaintiff, in order to avoid the effect of the deed, then proved by the defendant, that he had been in the exclusive use and occupancy of the lands for many years, openly claiming and cultivating them continuously as his own, against the plaintiff and all others, and was, on the day the deed was executed to Silas Brunson, and still is, so claiming and cultivating them, and has in no way recognized the plaintiff's right.

The general rule is, that in an action of ejectment, the plaintiff must have title, both at the time of the commencement of the action, and at the final trial. Though she may have had title, when the plaintiff commenced the action, she can not recover if her title has terminated during its pendency, either by voluntary conveyance, or by its own limitation, or otherwise. It is also well settled, that a sale and conveyance of land, which is in the adverse possession of a third person, holding under a claim of right, does not vest in the grantee a right to maintain an action in his own name for its recovery from such third person. Such conveyance, being valid as between the parties, the grantor may, after its execution, maintain an action of ejectment in his own name, the recovery enuring to the benefit of the grantee.—*Davis v. Curry*, 85 Ala. 133; *Scranton v. Ballard*, 64 Ala. 402. It is, however, not enough to avoid a deed, that the land is in the possession of another, though exercising acts of ownership; it must be adverse.—*Humes v. Bernstein*, 72 Ala. 546; *Williams v. Hatch*, 38 Ala. 338. The possession of a mere trespasser will not operate to avoid the deed of the true owner. Nor does the rule apply to a sale made by a trustee, under a deed of trust, at a time when the grantor in the deed of trust is in possession of the premises. Neither does the possession of a vendee, under an executory contract of purchase, the purchase-money not having been paid, operate

to avoid a conveyance made by his vendor. And where land has been sold under an execution, the possession of the debtor is not adverse to that of the purchaser at the execution sale; and a conveyance made by him, while the debtor is in possession, is valid.—*Herbert v. Hanrick,* 16 Ala. 581; *Wiswall v. Ross,* 4 Port. 321; *Crook v. Travis,* 20 N. Y. 400; *Mitchell v. Lipe,* 8 Yerg. 179.

Whether a sale and conveyance operate to vest the grantee with the right to maintain an action in his own name for the recovery of land, depends upon the fact, whether the person in possession asserts a title hostile to that of the grantor, or in subordination to it; or, also, whether he is estopped from denying the title of the grantor, and from setting up adverse possession, and is bound to surrender it without questioning his title.—*Castleman v. Combs,* 7 Mon. 273. In the suit in equity, the defendant set up his adverse possession against the right of complainant to have the title divested out of him. The chancellor held, that the defendant's (Brunson's) possession was not adverse to the mortgagee. The decree is conclusive on the defendant as to the title of the plaintiff, and the adverse character of his own possession. He is thereby estopped from denying the plaintiff's title, and was bound by the decree to surrender possession of the land without questioning it. The chancellor could well have ordered in the decree that the plaintiff, in whom he had vested the title of the defendant, be put in possession, without leaving her to resort to an action at law. Under these circumstances, such being the character of defendant's possession, the conveyance of plaintiff to Silas Brunson, pending the present action, terminated her title, and vested in the grantee a right to maintain an action in his own name, against the defendant, for the recovery of the land. If it be said that the possession of the defendant became adverse subsequent to the rendition of the decree, this question should have been submitted to the jury.

The court erred in giving the affirmative charge in favor of plaintiff.

Reversed and remanded.