COVERT v. VONHARDTMUTT.

(*Knoxville.*   November 11, 1899.)

ACTIONS.   *Dismissal must be pleaded.*

A defendant cannot avail himself of a compromise and dismissal of the action by mere motion if the plaintiff resists, but must plead the fact.

FROM   HAMILTON.

Appeal in error from Circuit Court of Hamilton County.   FLOYD ESTILL, Judge.

S. H. FORD, WM. T. MURRAY, and JOE V. WILLIAMS for Covert.

PRITCHARD & SIZER for Vonhardtmutt.

CALDWELL, J.   H. H. Covert, by next friend, brought this action against Frank Vonhardtmutt and others, to recover damages for personal injuries averred to have been wrongfully and negligently inflicted on him by them.

Some time after the commencement of the suit, and when it stood on the docket for trial on its merits, the defendants moved the Court to dismiss the suit on their suggestion that it had been

Covert *v.* Vonhardtmutt.

compromised and settled; and, in support of that motion, they presented a receipt of the plaintiff and his mother, as his guardian, reciting the satisfaction of the cause of action, and also a written request of the next friend that a dismissal be entered.

The plaintiff resisted the motion, and to sustain his objection to the proposed dismissal, presented his own affidavit and that of his mother and next friend, in which it was stated, in substance, that the receipt and request for dismissal were unfairly obtained.

The Court took the several papers into consideration, and in connection with them heard oral testimony on the question of satisfaction or no satisfaction, and, after deliberation, sustained the motion and dismissed the suit. The plaintiff appealed in error.

The learned Court was in error. When the motion to dismiss was resisted, and the validity of the papers on which it was based was disputed, the motion should have been overruled and the defendants left to their right to set up the matter of accord and satisfaction by proper plea. It was not allowable for the Court to hear testimony and decide an issue of disputed facts upon a mere motion.

Reverse and remand.