MICHAEL MUZROLL *v.* G. E. HETU AND B. A. BEMIS.

January Term, 1909.

Present: ROWELL, C. J., MUNSON, WATSON, and HASELTON, JJ.

Opinion filed March 18, 1909.

*Process—Codefendants—Defects in Service—Plea in Abatement*
*—Sufficiency.*

No intendments will be made in favor of a plea in abatement.

A joint plea in abatement by two defendants, going to the whole suit, for a cause affecting only one of them, is bad.

A joint plea in abatement by defendant and codefendant, alleging service of the process on defendant by a deputy sheriff who made no return, and service thereof on codefendant by another deputy

sheriff, but not showing how the process came into the hands of the second officer, and failure to allege that he did not serve and return it according to law, does not show a defective service on codefendant, and the process will not be quashed, even if the service on defendant is defective for want of proper return.

Where service was made on defendant by a deputy sheriff who made no return, and service was subsequently made on codefendant by another deputy sheriff who made no return, the defect in service on defendant did not affect the validity of the service on codefendant.

TRESPASS AND TROVER for a horse. Heard on plaintiff's demurrer to defendants' joint plea in abatement, at the October Term, 1908, Essex County, *Hall*, J., presiding. Demurrer sustained and plea adjudged insufficient. The defendant excepted. The opinion states the case.

*George L. Hunt* for the defendant.

The writ in this case was committed to the officer who served it on defendant Hetu, and the subsequent service thereof on defendant Bemis by another officer was void. *Bank* v. *Goodall*, 41 N. H. 81; *Arnold* v. *Winn*, 26 Miss. 338; *Flint* v. *Noyes*, 27 Kan. 351; *O'Brien* v. *Annis*, 120 Mass. 143.

The service on defendant Hetu gave the court no jurisdiction of him, because of the officer's failure to make a return. Alderson on Judicial Writs and Process, 164; *Easton* v. *Childs*, 67 Minn. 242; Alderson on Judicial Writs and Process, 562; *Nelson* v. *Cook*, 19 Ill. 440; *U. S.* v. *Landrum*, (U. S.) 6 Fed. 816, 817; *Wright* v. *Marvin*, 59 Vt. 437; *Turner* v. *Lowry*, 2 Aik. 72; *Izod* v. *Addison et al.*, 6 Miss. 432.

*Herbert W. Blake* for the plaintiff.

As the plea in abatement is by the defendants jointly, unless the service as to both is defective, the plea is bad. *Bliss* v. *Smith*, 42 Vt. 198; *Wilkins, Admr.* v. *Brock et al.*, 79 Vt. 57; *Cummins* v. *Jones et al.*, 54 Vt. 560; *Wade* v. *Wade*, 81 Vt. 275; *LaPoint* v. *Scott*, 36 Vt. 633.

For anything that appears by the plea, the writ may have been given to the second officer by plaintiff with direction to

serve on Bemis. Plaintiff may give directions to the officer vary-
ing the general command of the precept. *Hall* v. *Pratt*, 29 Vt.
119; *Howes* v. *Spicer*, 23 Vt. 508; *Mason* v. *Ide*, 30 Vt. 697;
*Austin* v. *Burlington*, 34 Vt. 506; *Root* v. *Wyman*, 30 N. Y. 19;
*Hunter* v. *Phillips*, 56 Ga. 634; *Goddard* v. *Austin*, 13 Mass.
133; *State of Missouri* v. *Crane*, 49 Mo. 129; *Howard* v. *Whit-
more*, 9 N. H. 133.

WATSON, J. Service was made on defendant Hetu by one
deputy sheriff and then, without the process being returned,
service was made on defendant Bemis by another deputy sheriff.
Defendants jointly plead in abatement that the writ was not
served on Bemis and returned by the same officer who had
served it on the other defendant, praying judgment of the writ
and that it be quashed.

Nothing appears in the plea showing how the writ came into
the hands of the second officer for service on Bemis, nor that he
did not serve and return the same as required by law, and no in-
tendments will be made in favor of the plea. The writ may have
been given to that officer by the plaintiff or by his direction for
that purpose. Assuming without deciding that as to defendant
Hetu the service is defective because the officer who made serv-
ice on him made no return of the process, yet this is a matter
personal to that defendant and does not affect the validity of the
service upon the other defendant by the second officer and the
return of the process made by him, consequently the plea is in-
sufficient. In *Shannon* v. *Comstock*, 21 Wend. 457, 34 Am. Dec.
262, it was held that a plea in abatement by two defendants
going to the whole suit, for a cause personal to one of them
only, was bad. And in *Bliss* v. *Smith*, 42 Vt. 198, the returns
on the writ showed that it was served upon two of the defend-
ants by an indifferent person, and upon the other defendant by
another person as deputy sheriff. The plea in abatement was by
all the defendants and put upon the ground that the service
made by the authorized person was invalid for the reason that
in making it he was not in fact indifferent, he being recognized
for costs in the writ. The service on the one defendant by the
deputy sheriff was unexceptionable, and no question was made
as to its validity. It was held that the defective service on the
two defendants by the authorized person, if it was defective, did
not affect the validity of the service on the other defendant, and

that the plea was insufficient in that the prayer was too large in asking that the writ be quashed as to all.

*Judgment affirmed, and judgment that the defendants answer over. Cause remanded.*