GENERAL BONDING & CASUALTY INS. CO. v. LAWSON. (No. 5760.)

(Court of Civil Appeals of Texas. Austin. April 25, 1917.)

1. ABATEMENT AND REVIVAL ⬅17—ANOTHER ACTION PENDING—PLEADING.

A cause will not be dismissed upon motion because of another action pending, but such objection must be raised by plea in abatement or plea of res judicata.

[Ed. Note.—For other cases, see Abatement and Revival, Cent. Dig. §§ 123–136.]

2. EVIDENCE ⬅43(3)—JUDICIAL NOTICE—JUDICIAL RECORDS.

The court will not take judicial notice of its records in another case until the same is offered in evidence, although such records, when offered, prove themselves.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 64.]

Appeal from District Court, Hamilton County; J. H. Arnold, Judge.

Petition by the General Bonding & Casualty Insurance Company against C. T. Lawson. Cause dismissed, and plaintiff appeals. Reversed and remanded.

T. L. Camp and C. M. Smithdeal, both of Dallas, for appellant. Chris Emmett, of Jacksonville, and H. E. Chesley and Dewey Langford, both of Hamilton, Texas, for appellee.

JENKINS, J. The appellant filed its petition herein in the district court of Hamilton county, containing the same allegations as in the petition of plaintiff in error against defendant in error[1] in the cause this day decided by this court upon writ of error, except that in the former case the appellant alleged that the appellee had obtained a final judgment against the Hamilton Compress Company, whereas in the instant case the appellant alleged:

"That the judgment obtained by said Lawson against the Hamilton Compress Company, and

upon which said Lawson based his affidavit for the writs of garnishment aforesaid, was not and is not now a final judgment in this; that the Supreme Court of Texas on, to wit, the 8th day of March, A. D. 1916, granted a writ of error to the Court of Civil Appeals for the Third Supreme Judicial District of Texas in said cause, and assumed jurisdiction thereof, and that said cause in which said Lawson recovered said judgment against the Hamilton Compress Company is now pending in the Supreme Court of the state of Texas, which said court has not decided whether said judgment recovered by Lawson against the Hamilton Compress Company shall be affirmed, or whether the same shall be reversed."

Appellee filed his motion to dismiss this cause upon the ground that this was a suit between the same parties and for the same cause of action as the cause in which judgment had been rendered by the district court of Hamilton county at its then term, and that the same had not been finally disposed of but was then pending between said parties. Appellee attached as an exhibit to his answer the petition of appellant in the former case, and the judgment of the court therein. The district court of Hamilton county sustained said motion and dismissed said cause of action, from which action of the court the appellant prosecutes this appeal.

[1, 2] Appellant under appropriate assignments of error contends, in substance, that the court could not dismiss this case upon motion, but that the matters therein alleged could be decided by the court only upon plea in abatement, or a plea of res adjudicata.

In this we think that appellant is correct. The court could not know that the matters alleged in appellee's motion were true without the same were proven by its records, and the court could not judicially note the contents of its record in another case until the same were offered in evidence. As a basis for the introduction of evidence the facts must be alleged by plea and not set up by way of motion.

"As a general rule a court will not judicially recognize the contents of any of its records except the one in the proceeding before it. Though the records of the court prove themselves when offered in evidence, yet in the trial of one case the court can no more take judicial notice of the record in another case in the same court without its formal introduction in evidence than if it were a record in another court. * * * So two suits for the same cause of action may be pending in the same court between the same parties, but the fact never claims judicial attention until the pendency of one suit has been pleaded in abatement of another." 15 R. C. L. 1114.

In Stanley v. McElrath, 10 L. R. A. 550, the Supreme Court of California said:

"The finding of the court that the defendant's claim of offset and counterclaim had been adjudicated in a former action, prior to the trial of this action, is not supported by the evidence. The court could not dispense with formal proof of its judgment in another action and take judicial notice of the fact that the affirmative matters set out in defendant's counterclaim and offset had been therein adjudicated."

"An objection that another action is pending in the same court for the same cause should be raised by plea, and is not ground for dismissal, unless it appears on the face of the declaration or bill; nor is the fact of a former adjudication as to the same cause of action a ground for dismissal, unless such former adjudication appears on the face of the declaration." 14 Cyc. pp. 431, 432.

See, also, Moore v. Helms, 74 Ala. 368; Bliss v. Smith, 42 Vt. 198; Covert v. Vonhardtmutt, 103 Tenn. 463, 53 S. W. 730; Houston v. Perry, 3 Tex. 235; and note to Lanfear v. Mestier, 89 Am. Dec. 688, and cases there cited.

In the instant case the petition showed upon its face a good cause of action, and made no reference to the other case pending between said parties. For the error of the court in sustaining the motion of appellee and in dismissing this cause from its docket, the judgment of said court is here reversed, and this cause is remanded for further proceedings.