## WILLIAM KIRBY v. WILLIAM JACKSON.

### *Commencement of Action. Discontinuance. Abatement.*

For the purpose of avoiding the statute of limitations, the time of issuing the writ is the commencement of the suit, if it is duly served and returned within the time therein limited. For other purposes, service of the writ is regarded as the commencement of the suit.

In order to constitute the commencement and pendency of an action, in any such sense that the pendency of a prior suit would abate the latter, the service of the writ, in the latter suit must have been such as would call the defendant to answer to the second suit, and if notice of the discontinuance of the former suit is given the defendant before service is completed, so as to require him to answer the suit, the two suits are not pending at the same time, and the first will not abate the second.

Evidence that a copy of said writ, with an attachment of real or personal property thereon, was left in the town clerk's office, for the purpose of attachment, before the notice of discontinuance was given the defendant, is wholly immaterial, and was properly rejected.

The plaintiff is not required to show that he had good cause or any cause for discontinuance of the former suit.

ASSUMPSIT. Plea in abatement the pendency of a former suit, and replication that the former suit was discontinued before the commencement of this suit. Trial by jury, September term, 1869, PIERPOINT, C. J., presiding.

Kirby *v.* Jackson.

It appeared on the trial that on the 19th day of March, 1869, the plaintiff commenced a suit against the defendant, returnable to the April term of the county court, for the same cause of action embraced in the present suit. Service was made in that action, on that day, personally, and also by attachment of defendant's property, real and personal, by leaving a true and attested copy of the writ and attachment with the town clerk, in his office, on the 22d day of March, 1869, and before the entry of said action in court, the plaintiff directed his attorney to discontinue that suit and commence another. The attorney thereupon prepared a written notice of the discontinuance of said suit, and gave it, together with the writ in this cause, to an officer, to be delivered to the defendant, before the service of the new writ. The officer went to the defendant, delivered to him the notice of discontinuance and read or stated to him its contents, and afterwards made service of the writ in the present case by attachment of personal property and copy to defendant.

The defendant offered evidence tending to prove that the officer left and filed in the town clerk's office a copy of said writ, with the proper return thereon, to attach real and personal property, on the same day, and before he gave to the defendant the notice of discontinuance of the former suit. The court rejected the evidence upon the ground that it was immaterial, and as there was no dispute about the facts, directed a verdict for the plaintiff, to which the defendant excepted.

*L. F. Wilbur*, for the defendant.

*H. N. Deavitt* and *E. J. Phelps*, for the plaintiff.

The opinion of the court was delivered by

WILSON, J. The only question presented by the pleadings and facts in this case is whether the county court decided correctly as to what constituted the commencement and pendency of this action. The defendant pleaded in abatement the pendency of a former suit, and the plaintiff replied that the former suit was discontinued before the commencement of this suit, and issue thereon

was joined to the country. It appears that, on the 22d day of March, 1869, and before the entry of the former action in court, the plaintiff directed his attorney to discontinue that suit and commence another. The attorney thereupon prepared a written notice to the defendant of the discontinuance of said suit, and gave it, together with the writ in this case, to L. F. Terrill, a deputy sheriff for Chittenden county, to be delivered to the defendant before service of the new writ. Before giving notice to the defendant of the discontinuance of the first suit, Terrill went to the town clerk's office in Underhill, and left in said office, with the town clerk, a copy of the writ in this case, with the officer's return thereon, of an attachment of certain real and personal estate, as belonging to the defendant. The officer then went to the defendant and gave him notice of the discontinuance of the former suit, and afterwards made service of the writ in the present case, by attachment of certain other personal property, and then delivered to the defendant a copy of said last mentioned writ and attachment. Upon the facts of this case, we think the county court decided correctly that the former suit was discontinued before such service of the writ in this suit was made as would constitute the commencement and pendency of this action. In order to make the prior suit a ground of abatement of this suit, the two suits must have been both pending at the same time. It has been decided that the time of commenncement of a suit, to avoid the statute of limitations, is the day when the suit was issued, if served and returned within the time therein limited. And the date of the writ for that purpose is considered *prima facie* evidence of the day when the same was issued. ( 7 Vt., 426.) But for other purposes service of the writ is regarded as the commencement of the suit. An action is regarded as pending after service of the writ. In this case the copy of the attachment was left in the town clerk's office, for the purpose of creating a lien upon the property attached, and not for the defendant and as service of the writ upon him as would have been required if the defendant, at that time, did not reside in the state, and had therein no known agent, tenant or attorney. The leaving of that copy in the town clerk's office was but the commencement of service, and such commence-

ment of service would not have continued available for any purpose, if service of the writ had not been completed within the time provided by law, by such service of the writ upon the defendant, or notice to him of the suit, as the law provides. In order to constitute the commencement and pendency of an action in any such sense that the pendency of a prior suit would abate the latter, the service of the writ in the second suit must have been such as would call the defendant to answer to such second suit. The mere leaving the copy in the town clerk's office did not call the defendant to answer to this suit in court. If nothing had been done by way of service of the writ in this cause, except leaving that copy in the office of the town clerk, the plaintiff would have had no right to enter this suit in court, consequently there would have been no second suit pending, or calling the defendant to answer. But before service upon the defendant of the writ in this cause, notice was given to him of the discontinuance of the former suit. The notice of discontinuance of the other suit took effect from its delivery, or at the time it was given, after which service of the writ in this case was so completed as to constitute the pendency of this action. We are of opinion that the two suits were not both pending at the same time. It is insisted by the defendant's counsel that, as there was no evidence tending to show any *cause* for the discontinuance of the former suit, the fact, that the officer left the copy in the town clerk's office before he gave the defendant notice of the discontinuance of the former suit, should have been submitted to the jury as tending to show that the second suit was vexatious. This position of the defendant can not be sustained, first, because the question whether the second suit was vexatious is not within the issue made by the pleadings ; and, second, because, under no issue that could be formed where such plea is interposed, would the plaintiff be required to show that he had good *cause*, or any *cause*, for the discontinuance of the former suit. The only question presented by the pleadings is whether the former suit was discontinued before service of the writ in this suit, and this question is wholly independent of the question whether the second suit is vexatious. Where two suits, in proper form between the same parties, and for the same cause of action,

are both pending at the same time, the pendency of the prior suit will abate the latter. The rule, that the pendency of such prior suit will abate the second suit, is founded upon the supposition that the second suit is unnecessary and vexatious; but when notice of the discontinuance of the former suit has been given, the party claiming to have a cause of action has a legal right to commence another suit, and the *cause* for the discontinuance of the former suit is wholly immaterial in deciding such plea in abatement. If the defendant had pleaded, in abatement of this suit, that the former suit was discontinued without good cause, it is clear, I think, that such plea would be bad. It is true that the replication in this case undertakes to give a reason why the first suit was discontinued, but that allegation is immaterial, and was properly treated as surplusage.

The case of *Downer* v. *Garland*, 21 Vt., 362, has been much relied upon by the defendant's counsel, but it does not support the position taken by the defendant as to whether the second suit was vexatious. In that case the defendant pleaded in abatement the pendency of a former suit. The replication admitted the commencement of the former suit, alleged that the former suit was defective, and for that reason the plaintiff, before bringing the second suit, discontinued the former one. The rejoinder simply traversed the allegation of the discontinuance of the former suit, and the only question raised by the pleadings was, whether the former suit was discontinued before service of the writ in the second suit. The remarks of the judge who delivered the opinion of the court in that case, as to the *cause* for the discontinuance of the former suit and whether the second suit was vexatious, are based upon the supposition that the first suit was pending when service of the writ in the second suit was made. That case does not differ in principle from the case of *Hill* v. *Dunlap*, 15 Vt., 645. In the latter case REDFIELD, J., says : "The suits must have been both pending at the same time, or there is no ground of pleading in abatement on that account. If that is not the case, there is nothing vexatious." But the court had no occasion in either of those cases to decide, and did not decide, that the *cause* of the dis-

continuance of the former action and the commencement of the second was material.

We find no error in the ruling of the county court, and the judgment of that court is affirmed.