INHABITANTS OF WEBSTER, Appellants,

*vs.*

THE COUNTY COMMISSIONERS.

*Action. Statute, effect and construction of. R. S., c. 1, § 3.*

The word "actions" in R. S., c. 1, § 3, last clause—saving pending actions from the effect of statutes—does not include petitions for the location of highways pending before county commissioners; so that an appeal from their action upon such a petition, pending at the time a law is passed changing the time within which it is to be taken, must be dismissed.

ON EXCEPTIONS.

APPEAL from the decision of the county commissioners granting the petition of O. D. Potter and others for the location of a county way across the town of Webster. The commissioners filed their return with their clerk at their October term, 1870, and the case continued to their next regular term, and thence continued from term to term, on account of the pendency of petitions for increase of damages till the October term, 1872; at which term, to wit on the fifth day of March, 1873, the proceedings were closed and recorded. Thereupon the plaintiffs took this appeal which was entered at the April term, 1873, of this court for this county,

answered to by the attorney of the original petitioners and continued to the September term, 1873.   Upon the thirteenth day of this last named term, the attorney of said petitioners moved to dismiss the appeal and that the judgment of the county commissioners be affirmed, upon the ground that the appeal was not entered at the term of this court next after the return of the county commissioners had been placed on file, as required by Public Laws of 1873, c. 91, in force when said appeal was taken and entered, approved January 29, 1873.

The original petitioners excepted to the denial of this motion.

*R. Dresser*, for the original petitioners for the way.

The right of appeal was limited and inchoate, and could be taken away—as it was—at any time by the legislature at its pleasure.

This was not an "action" within the legal definition of that term, or the meaning of R. S., c. 1, § 3, so as to be saved by the last clause of that section.   1 Bouv. Law Dict., 15.

The consequences of a palpably correct determination of the law, this court will not consider.    *Coffin* v. *Rich*, 45 Maine, 507.

*Frye, Cotton & White*, for the appellants.

VIRGIN, J.  By R. S., c. 18, § 4, county commissioners are required, after laying out a highway, to "make a correct return of their doings."   By § 5, "their return, made at their next regular session after the hearing, is to be placed on file, and to remain in the custody of their clerk for inspection without record" in order that any land-owner aggrieved by the commissioners' estimate of damages may seek the statute redress.   If no such redress is sought, on or before their next regular term, the proceedings are to be closed and "recorded."   But by § 6, if an increase of damages is sought within the time mentioned, the case is to be continued until a final decision respecting damages is made ; and then if the commissioners do not discontinue the location because of excessive damages, but determine that the location shall take effect

subject to the damages assessed, their "whole proceedings are to be recorded."

By § 37, parties interested may appeal from the decision of the commissioners in locating a highway, provided the appeal be taken "at any time after it (i. e., the return of the commissioners) has been entered of record, and before the next term of the supreme judicial court in said county."

Such were the provisions regulating the time for taking an appeal until January 29, 1873, when § 37 was amended by striking out the words "it has been entered of record," and substituting therefor the words "their return has been placed on file." Pub. Laws of 1873, c. 91. So that in cases commenced after January 29, 1873, at least, appeals must be taken at any time after the return of the commissioners has been placed on file and not after it has been recorded, &c.

In the case at bar, the return of the commissioners was seasonably made and "placed on file" with their clerk, to wit, at their October term, 1870. At any time after said October term and before the January term, 1871, of the supreme judicial court, parties interested might have appealed, had the provisions of the act of 1873 been then in force. But they were not. On the contrary as the statute then stood, no appeal could be taken until sometime after the "return was recorded," to wit, March, 1873, and before the April term, 1873, of the supreme judicial court. And when that time arrived the statute allowing an appeal then had been repealed and an appeal was allowable only at a time which had long before elapsed.

The repealing statute was unconditional in its terms, containing no saving clause. This remedy of the appellants was taken away, therefore, unless the case comes within the provisions of the last clause in R. S., c. 1, § 3, which provides that "actions pending at the time of the passage or repeal of an act, shall not be affected thereby."

Is a petition for the location of a highway, pending before a board of county commissioners, an "action" pending, within this statute?

A "right of action" has been defined in the Roman law as *jus persequendi in judicio sibi debetur.*" Coke declared that "an action is a legal demand of a man's right." And the action itself has been long considered to be the prescribed mode of enforcing a right in the proper tribunal.

The pending petition is denominated a "case" in § 6. But by R. S., c. 81, § 2, "all civil actions except *scire facius* and other special writs, shall be commenced by original writs," &c.; thus confining actions to courts of law.

We think, therefore, that the word "actions" in c. 1, § 3, does not include petitions pending before the board of county commissioners, for the location of highways ; and that the right of appeal was taken away from these appellants by the change of the statute above mentioned. This may prove somewhat of a hardship upon them; but the responsibility is not upon us; and neither can we aid in making shipwreck of the law because of the hardship. Were the question one of damages instead of location, a more serious question might perhaps arise.

The change in the statute cannot simply have a prospective operation like some new positive enactment, for the change consists in a repeal of one provision and the substitution of another.

*Exceptions sustained.*
*Appeal dismissed.*


APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.