RANDALL & DURANT *v.* BACON.

*Tender.   Costs.*

When suit is being brought to recover a sum due on book, a tender of the sum due, with the interest thereon, is good, if made before service of the writ, although the writ be then issued and in the hands of the officer for service, no costs being taxable until service has been made.

BOOK ACCOUNT.   The auditor reported that the first two items only of the plaintiffs' account were properly charged,

and that the plaintiffs should recover therefor, if the defendant had not made a good tender of the sum due; that the plaintiffs presented their account to the defendant, who refused to pay it, whereupon the plaintiffs made a writ against him, and placed it in the hands of a sheriff, with instructions to serve it; and that afterwards on the same day, and while the writ was so in the hands of the sheriff unserved, the defendant made a tender to the plaintiffs of a sum sufficient to pay the said first two items of the plaintiffs' account, with interest thereon to that date.

At the March Term, 1876, the court, REDFIELD, J., presiding, *pro forma*, adjudged the tender sufficient, and rendered judgment for the defendant to recover his costs; to which the plaintiffs excepted.

*Randall & Durant, pro se.*

*J. A. Wing (J. O. Livingston* with him), for the defendant, cited *Mead* v. *Arms,* 2 Vt. 180; *Lamb* v. *Day,* 8 Vt. 407; *Hall et al.* v. *Peck et al.* 10 Vt. 474; *McDaniels* v. *Reed et al.* 17 Vt. 674; *Downer* v. *Garland,* 21 Vt. 362; *Kirby* v. *Jackson,* 42 Vt. 552; *Studwell* v. *Cooke,* 38 Conn. 549.

The opinion of the court was delivered by

Ross, J. The amount tendered the plaintiffs by the defendant was sufficient to cover the sum found due them at that time by the auditor, unless they have the right to add the expense of the writ in this suit. The plaintiffs had sued out the writ and placed it in the officer's hands for service, but the same had not been served at the time the tender was made. The statute (Gen. Sts. c. 125, s. 7) provides, that after a suit has been commenced, a tender, to be effectual to bar further costs, must be sufficient to cover the debt and costs that had accrued before the making of the tender. Hence the real question is, whether this suit was legally commenced before the tender was made. For the single purpose of preventing the running of the Statute of Limitations, the time of the issuing of the writ, if served and returned within the time limited therein, is held in this state to be the commence-

ment of the suit. Such act of the creditor evinces a settled purpose no longer to sleep upon his rights and allow the time limited by statute, in which the law will presume 'the debt to have been paid, to elapse. For all other purposes, the commencement of the suit is held to be, in suits *inter partes*, the service of the writ upon the defendant, or the bringing the defendant into such legal relations to the plaintiff as, if the writ is duly returned and entered in court, will give the court jurisdiction of the defendant. It might be somewhat different in legal proceedings in the nature of proceedings *in rem*. The foregoing seems to be the result of the doctrine announced in *Kirby* v. *Jackson*, 42 Vt. 552. The question in regard to the exact point in legal proceedings when the plaintiff first has the right to tax costs against the defendant, is raised for the first time in this state, as far as we are aware, in the case at bar. It is conceded by the plaintiffs that that point is not reached until the suit, as regards the defendant, is commenced. The question in the case at bar has been before the courts of England, and in some of the states. *Briggs* v. *Coverly*, King's Bench, 1800 ; *Hepburn* v. *Plunkett*, 8 Irish Law Rep. 10 ; *Hull* v. *Peters*, 7 Barb. 331, overruling *Reton* v. *Drew*, 19 Wend. 304 ; *Studwell* v. *Cooke*, 38 Conn. 549. In the last case, the authorities are carefully reviewed, and in all the cases cited it is held, as we think, correctly, that the service of the writ is the commencement of the suit for the purpose of taxing costs.

Judgment affirmed.