BERNARD MARBLE *vs.* ALBERT G. HINDS.

Oxford. Decided November 16, 1877.

*Limitations, statute of.*

The plaintiff having a claim against the defendant for balance of account, the last item of which would be barred by the statute of limitations on September 3, 1874, commenced a suit thereon on the second of the same September, returnable at a term of the supreme judicial court to be holden on the first Tuesday of December ensuing, retained the writ till the day preceding the last day of service, when he sent it by mail to a deputy sheriff in another town, where, in the ordinary course of mail, it would arrive on the day of its transmission; but it did not reach the deputy in season for service. *Held,* that the failure of service was not the result of unavoidable accident, within R. S., c. 81, § 87.

The writ first sued out was for a balance of account for $75. The second suit was for an account, the items of which amounted to $223.57, but no credit was given. *Held,* that the second suit was not an action for the same demand as was first sued, within § 87.

ON EXCEPTIONS.

ASSUMPSIT, on account annexed on a bill of items commencing May 24, 1866, and ending September 3, 1868, amounting to $223.57, on which no credit was given. The writ was dated November 21, 1874.

Plea, statute of limitations.

Replication, a prior writ seasonably made on the same. demand and a failure of service by unavoidable accident, setting out in substance that, September 2, 1874, the plaintiff sued out a writ against the defendant on account annexed for $75, for a balance of the same account sued for in this writ; that he mailed it at Dixfield, on Monday, November 14, to the deputy sheriff at Oxford, in season for it to reach Oxford on that day; that there was a daily mail between Dixfield and Oxford, and that the time of service did not expire until midnight of the next day after which the letter should have arrived at Oxford by due course of mail, and that the letter did not reach the deputy sheriff in season for service. To the replication the defendant demurred, because the failure of service was not an unavoidable accident, but in consequence of the negligence of the plaintiff or his counsel, and because the demand named in the second writ was not the same demand named in the first writ.

The presiding justice overruled the demurrer and adjudged the replication good; and the defendant alleged exceptions.

*J. J. Perry*, for the defendant, distinguished the case at bar from *Bullock* v. *Dean*, 12 Met. 15. In that case, the court said "the creditor seasonably commenced his suit, and placed his writ, as he believed and had good reason to believe, in the hands of a proper officer for service. But by mistake he described the residence of the debtor as he had known it, and as it was until a short time before, when he had changed it to another town and county, of which it does not appear the plaintiff had any knowledge, and which the officer, who was charged with the service, did not seasonably discover." A very different case from the one at bar.

*E. Foster, jr.*, for the plaintiff, relied upon the case of *Bullock* v. *Dean*, cited by the defendant's counsel.

APPLETON, C. J. This is an action of assumpsit on an account annexed, the last item of which bears the date of September 3, 1868. The writ is dated November 21, 1874. More than six years had elapsed after the last item of the plaintiff's account, when this suit was commenced. To this suit the defendant has pleaded the general issue and the statute of limitations.

The plaintiff, to avoid the effect of this plea, has filed a replication, by which he seeks to bring himself within the provisions of R. S., c. 81, § 87, which is in these words: "When a writ fails of a sufficient service or return by unavoidable accident, or default, or negligence of the officer to whom it was delivered or directed, or is abated, or the action otherwise defeated for any matter of form, or by the death of either party; or if a judgment for the plaintiff is reversed on a writ of error, the plaintiff may commence a new action on the same demand within six months after the abatement or determination of the original suit, or reversal of the judgment; and if he dies and the cause of action survives, his executor or administrator may commence such new action within said six months."

The plaintiff, in his replication, says that he "on the second day of September, A. D. 1874, being within the six years next after the last item in said plaintiff's account, sued out from the supreme

judicial court within and for the county of Oxford, a writ in due form of law against the said defendant, upon an account annexed thereto, which account annexed was for a balance of the same account named and sued for in this writ, and which said writ was returnable at the December term of said court, then next to be holden at Paris, in said county of Oxford; and on the fourteenth day of November next following the date of said writ, the plaintiff by his attorney duly mailed said writ at the post office in Dixfield, addressed to Samuel T. Beal, at Oxford, then a deputy sheriff for said county, and residing at Oxford, and in season for said writ to go by mail to said Oxford on said fourteenth day of November, which said day was Monday, thereby leaving that day and all the next for the service of said writ, the time for service of precepts expiring at midnight on the sixteenth day of November, the day following that on which said writ was mailed as aforesaid; there was a daily mail between said Dixfield and said Oxford, and the officer to whom said writ was directed was instructed by letter enclosed with said writ to serve said writ and make due return of the same; that said writ by the ordinary mail conveyance would reach said Oxford in season for service on the same day on which it left said Dixfield, but the officer to whom said writ was directed failed to receive said writ in season for service on said defendant for said December term, and so said writ failed of sufficient service by unavoidable accident; and thereafterwards, to wit, on the 21st of November, A. D. 1874, this action was commenced, it being within six months next after the determination of the original suit above named, and this action being upon the same demand as that named in the original suit as balance of account between these parties,"&c.

"The term unavoidable accident," observes Shaw, C. J., in *Bullock* v. *Dean*, 12 Met. 15, "we think, must have a reasonable construction, and does not mean to limit the case to a cause which no possible diligence could guard against, but an unforeseen cause, preventing the service of the writ, where due diligence has been used by the creditor to commence his suit seasonably, by the due and ordinary course of law."

Here is no failure by unavoidable accident. The plaintiff claims

that his writ was made on September 2, 1874. The writ, if then made, remained in the hands of the plaintiff or his attorney until November 14th, following. There was ample time in which the service could have been made. It was gross neglect on the plaintiff's part that the writ was not sooner forwarded. That can not be deemed unavoidable accident, which could have been so easily avoided. The risks of the probable absence of the deputy sheriff from home on the last day of service and of the possible miscarriage of the mail were unnecessarily and negligently incurred. In no sense can an unavoidable accident be regarded as existing.

The demand sued in this action is not the same demand as that in suit in the first named writ. This action is upon an account annexed for the amount of $223.57, the several items of which are specifically set forth. The first named suit was for "balance of account" $75.00. In this suit there is no credit and no balance stated. The plaintiff, on default, would be entitled to the amount sued for, $233.57. In the first suit on default, he could only recover $75.00. It is obvious that the demands cannot by any legerdemain be made the same. The present defendant would be compelled to prove the items in payment or set-off, by which the plaintiff's balance would be made the same as that originally claimed. A suit for the balance of an account and one for the account without any credit to show the balance cannot be deemed as identical. *Exceptions sustained.*

*Replication bad.*

*Plea good.*

DICKERSON, BARROWS, DANFORTH, VIRGIN and LIBBEY, JJ., concurred.