THE GRAND TRUNK RAILWAY OF CANADA, PETITIONER FOR CERTIORATI,

*vs.*

COUNTY COMMISSIONERS.

Cumberland.     Opinion November 29, 1895.

88  225
93  231

*Railroads. County Commissioners. Repeal of Statute. R. S., c. 1, § 5; c. 51, § 34; Stat. 1893, c. 205.*

Whenever the jurisdiction of a tribunal over any subject matter depends wholly upon a statute, a new act repealing the statute, or so amending it as to transfer the jurisdiction to another tribunal, without any reservation as to proceedings then pending, will have the effect to invalidate all such proceedings at whatever stage they may have arrived. If final decision has not been rendered, or final relief granted, before the amendatory act went into effect, it cannot be rendered or granted after the amendatory act.

A petition to the county commissioners under R. S., c. 51, § 34, for gates at railroad crossings is not an "action" within the meaning of R. S., c. 1, § 5.

On petition of the municipal officers of Pownal, the county commissioners of Cumberland county adjudged that a flagman was necessary at the intersection of the railway with a certain highway in that town. But by an amendment to the statute, which took effect after the hearing before the commissioners and prior to their decision, jurisdiction of the subject mat-

ter embraced in the petition was taken from the county commissioners and conferred upon the railroad commissioners, without any saving clause respecting proceedings then pending. *Held*; that the amendment to the act invalidated the decision of the county commissioners subsequently rendered.

ON REPORT.

This was a petition for certiorari. The cause came on for hearing upon answer by way of demurrer to the petition, which said answer by way of demurrer was joined by the petitioner; and by agreement of counsel, the same was reported to the law court to enter such judgment as the legal rights of the parties may require.

All the original papers in the proceeding were made a part of this report.

The case is stated in the opinion.

*A. A. Strout and C. A. Hight*, for petitioners.
*C. A. True, County Attorney*, for respondents,

SITTING : PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, WISWELL, JJ.

WHITEHOUSE, J. On the fourteenth day of February, 1893, the municipal officers of Pownal presented to the county commissioners of Cumberland county a petition based on section 34 of chapter 51 of the Revised Statutes, representing that public safety required the maintenance of gates across a highway in that town at its intersection with the Grand Trunk Railway, and asking for a decision upon the reasonableness of such request. The petition was entered at a term of the court of county commissioners holden on the twenty-first day of February, 1893, a hearing thereon was had on the fifth day of April, 1893, and on the fifth day of June following the county commissioners adjudged and decided that a flagman at the crossing in question was necessary for the public safety and ordered the railway company to station a flagman there.

The railroad company now prays for a writ of certiorari, alleging as cause for error, inter alia, that the county commissioners, at the time of rendering this decision on the fifth day

of June, 1893, had no jurisdiction of the subject matter embraced in their adjudication, and that they acted entirely without authority of law.

It is not in controversy that when the original petition was presented and at the time the hearing thereon was held on the fifth day of April, the county commissioners had jurisdiction of the subject matter by virtue of section 34, chapter 51 of the Revised Statutes, above cited. But that section was amended by chapter 205 of the Public Laws of 1893, by the substitution of the word "railroad" for the word "county" in the fifth line thereof. Thus jurisdiction of the subject matter embraced in these proceedings was taken from the county commissioners and conferred upon the railroad commissioners, without any saving clause respecting proceedings then pending. This amendatory act of 1893, took effect on the 28th day of April, after the hearing on the petition in question before the county commissioners, but prior to their decision on the fifth day of June.

It is a well established and familiar rule of law that whenever the jurisdiction of a tribunal over any subject matter depends wholly upon a statute, a new act repealing the statute or so amending it as to transfer the jurisdiction to another tribunal, without any reservation as to proceedings then pending, will have the effect to invalidate all such proceedings at whatever stage they may have arrived. If final decision has not been rendered or final relief granted before the amendatory act went into effect, it cannot be after. *Williams, Pet'r,* v. *Co. Com.* 35 Maine, 345; *Co. Com. Pet'rs,* 30 Maine, 221; *Plantation* v. *Thompson,* 36 Maine 365; *So. Carolina* v. *Gaillard,* 101 U. S. 433; Endlich on Int. of Statutes, § 479.

It is true that section 5, chapter 1, R. S., provides that "actions pending at the time of the passage or repeal of an act are not affected thereby;" but the word "actions" in this statute does not include a petition pending before the county commissioners, founded on section 34 of chapter 51, such as is here under consideration. The amendatory act of 1893 cannot have simply a prospective operation like some new positive enactment, for the effect of the amendment was to repeal one provision and

.substitute another. *Webster* v. *Co. Com.* 63 Maine, 29 ; and 64 Maine, 434. See also *Co. Com. Pet'rs*, 30 Maine, 221 ; and *Belfast* v. *Fogler*, 71 Maine, 403.

On the fifth day of June, 1893, the county commissioners had no jurisdiction of the subject matter in question, and their adjudication was without authority of law.

*Writ of certiorari to issue.*