JENNIE HOWARD *vs.* N. G. BARTLETT.

January Term, 1898.

Present:  TAFT, ROWELL, TYLER, START and THOMPSON, JJ.

*Replevin—Service is Commencement of Suit—Impounding.*

The mere restraining of cattle without the intent to impound them by so doing, does not constitute an impounding, although there is no public pound in the town where the cattle are taken.

It is only when the restraining is done with the intent to impound that the restrainer has twenty-four hours in which to notify the owner.

The service, not the making of the writ, marks the commencement of the action, for all purposes except the statute of limitations, and it is sufficient in replevin if the defendant was detaining the property when the writ was served.

REPLEVIN of cattle.   Plea the general issue.   Trial by jury at the September Term, 1897, Windham  County, *Ross*, C.

J., presiding. Verdict and judgment for the plaintiff. The defendant excepted.

The third request to charge, referred to in the opinion, was, that if, at the time the writ was served, the cattle were restrained by defendant, but had not been restrained twenty-four hours, the plaintiff could not recover.

*Clarke C. Fitts* for the defendant.

*Waterman, Martin & Hitt* for the plaintiff.

THOMPSON, J. The defendant contends that it was error for the court below not to comply with his first request to charge the jury, which was as follows: "If there was no usable public pound in Guilford, defendant had a right to take and restrain cattle found damage feasant upon his premises, and had twenty-four hours from the time of so taking and restraining them in which to notify the owner, and his detention of them during such twenty-four hours was not unlawful." Unless this request embodied a sound proposition of law applicable to the case on trial, it was not error to deny it. It assumes that the defendant had a right to take and restrain the plaintiff's cattle, if taken damage feasant, for twenty-four hours, whether he had in fact impounded them or not. He had no such right unless he in fact impounded them. When beasts taken damage feasant are impounded, the person impounding them has twenty-four hours thereafter, in which to give notice thereof to the owner or person having the care of such beasts, as is required by V. S. § 4768; but the twenty-four hours do not begin to run until the beasts are actually impounded. Hence, this request was unsound. Neither was it applicable to the facts of the case. The record does not disclose that the defendant had impounded the plaintiff's animals when they were replevined. The defendant's evidence tended to prove that he took the cattle in question on his premises doing damage, and put them in his pasture, and enclosed them, but that in so doing he did not understand that he

was impounding them.    The mere restraining of the cattle, without the intent to impound them by so doing, would not constitute an impounding, although there was no usable public pound in the town where the cattle were taken. There may be a restraining of cattle taken doing damage, without its being an impounding.    To constitute an impounding the cattle must be placed in a pound and there restrained with the intent on the part of the person so restraining them, to impound them.    The record does not disclose that the defendant ever had such an intent in respect to the cattle in question.    The fact that he went to Brattleboro to consult an attorney as to his legal rights, sheds no light on the subject.    It does not appear that he saw an attorney, or received any advice from any one, respecting his legal rights, on which he decided to act.

What has already been said disposes of the defendant's third request to charge, because it is clearly unsound in that it assumes that the defendant had a right to restrain the cattle for twenty-four hours, whether they were in fact impounded or not.  .

What the court instructed the jury in respect to notice requisite to constitute an impounding, was more favorable to the defendant than he was entitled to have given, as the case stood, and his exception thereto cannot now avail him.

The defendant was not entitled to a compliance with his second request to charge, which was, that if, at the time the replevin writ was made, the cattle were not being detained or restrained by the defendant, the plaintiff could not recover.    It has been repeatedly held by this court that it is no objection to plaintiff's suit, that his right of action was not perfected before the issuing of the writ, if it became so before service.    *Hall* v. *Peck*, 10 Vt. 474; *McDaniels* v. *Reed*, 17 Vt. 678; *Hawley* v. *Soper*, 18 Vt. 320; *Stanley* v. *Turner*, 68 Vt. 315.    This, in effect, is a holding that in actions of this character the date of the service of the writ is to be taken as the commencement of the suit.    There is no

practical inconvenience, nor injustice, in this rule. Its exception is, that to prevent the running of the statute of limitations, the date of the writ is to be taken as the commencement of the action.

*Judgment affirmed.*