THE CITY OF BURLINGTON *vs.* THE BURLINGTON TRACTION CO., AND THE RAILROAD COMMISSIONERS.

January Term, 1898.

Present: Ross, C. J., ROWELL, TYLER, MUNSON, START and THOMPSON, JJ.

*Writ of Prohibition—Suit when Pending—Suit and Civil Cause Defined— Construction of Statutes—Repeal V. S. 28 and 29—V. S. Chap. 170.*

V. S. Chap. 170 gave the board of railroad commissioners power in case of disagreement between a street railway company and the city authorities, to fix the terms upon which the streets might be used by the railway, and to this extent modified the act incorporating the respondent company.

But V. S. Chap. 170 was in turn modified by Acts of 1896, No. 145 § 53 Sub. 44, which transferred this power from the railroad commissioners to the council of the city of Burlington, so far as related to the streets of that city, and provided for an appeal by petition to the county court.

A repeal is effected, without express words, when the new law revises the subject matter of the former one, and is evidently intended as a substitute for it.

The act of 1896 went into effect in April, 1897. In March of that year application was made to the railroad commissioners by the respondent company to have such terms fixed, but notice was not served upon the city until the August following. *Held,* that even if the application was a suit or civil cause within the meaning of V. S. 28 and 29, exempting pending suits and civil causes from the operation of statutes like the Act of 1896, the suit or cause was not pending until service had been made upon the city.

*Held,* also, that the proceeding before the railroad commissioners was not a suit or civil cause; for those words include only actions in a court of justice, or which may come before such court by appeal, and such as are required to be commenced before other tribunals as a condition precedent to giving a court jurisdiction. They do not include proceedings before a board whose functions are administrative or ministerial, merely, nor before one whose decision is final.

The railroad commissioners having assumed to act in the premises, without jurisdiction, the writ of prohibition will issue.

PETITION for writ of prohibition. Heard upon pleadings and testimony at the January Term, 1898, of the Supreme Court, sitting for the county of Chittenden. Writ granted.

*J. E. Cushman* and *W. L. Burnap,* for the petitioner.

*A. G. Whittemore* and *W. P. Dillingham,* for the respondents.

THOMPSON, J. This is a petition for a writ of prohibition commanding the board of railroad commissioners and the Burlington Traction Company not to proceed further with the application of the Burlington Traction Company, filed with said commissioners, asking for permission to construct and operate a street railroad in the city of Burlington in "the lower road," so-called, from a point in the city near the Winooski bridge, thence southwesterly to the terminus of its present track, near its car barn.

The Burlington Traction Company, formerly the Winooski & Burlington Horse Railroad Company, was duly organized and is operating an electric street railroad in Winooski and the city of Burlington, under its charter and amendments thereto contained in Acts 1872, No. 226; Acts 1886, No. 189; Acts 1889, No. 112, and Acts 1896, No. 222.

In 1894 all street railroads were made subject to the provisions of V. S. Chap. 170, §§ 3935–3940, and all provisions in special acts of incorporation, inconsistent therewith, were repealed.  The respondent, The Burlington Traction Company, contends that jurisdiction is conferred upon the railroad commissioners by V. S. 3937, to grant the permission for which it asks.  Before preferring its application to the railroad commissioners, it filed with the aldermen, and also with the clerk, of the city of Burlington, the statement required by V. S. 3935–3936, and the aldermen refused permission to build and operate such street railway in the streets and highway described in the statement.  After such refusal, it filed its application for such permission with the railroad commissioners, March 11, 1897.  Notice of such application was not given to the city of Burlington by the railroad commissioners until August 7, 1897, when notice was duly served on it by them.  This application is now pending before the railroad commissioners, who have assumed and taken jurisdiction in the premises.

The complainant contends that V. S. 3937 does not confer jurisdiction upon said commissioners to grant a license to take its streets, without its permission, for railroad purposes.  If this section does not confer such jurisdiction, it is not claimed that it exists.

By the terms of its charter, Acts 1872, No. 226, § 6, The Burlington Traction Company was granted the right to lay and use the track of its railroad in the streets and highways of the city of Burlington upon such terms as its directors and the city council might agree in respect thereto, and in case such parties could not agree, either party might apply, upon written notice to the other, to the county court for the county of Chittenden, for the appointment of commissioners, and upon such petition being filed, and reasonable notice being given to the other party, it was made the duty of such court to appoint three disinterested persons, who, upon reasonable notice, should hear the parties and adjudge and

determine the terms upon which the company might use the streets and highways of the city. Such award was to be in writing, and was to be returned to the county court and there recorded, and also recorded in the public records of the city, and the company were not to commence laying any track in such streets and highways until it had complied with such award, nor except in conformity thereto. By V. S. 3936 which was enacted in 1894, it is expressly provided that before a corporation, proposing to construct a railroad in any of the highways or streets in any city in this state, shall begin the construction of such railway, such corporation must first obtain the permission of the aldermen of the city for building and operating the same. This section and section 3937 V. S. must be taken to amend Acts 1872, No. 226, and to repeal so much thereof as is inconsistent therewith.

V. S. 3937 provides that if a corporation, proposing to construct a railway in the streets or highways of a city, fails to agree with the aldermen of the city "as to the location, manner of construction or use of such railway," either party may apply to the railroad commissioners, who, after due notice to the parties, shall examine the premises, hear the parties, decide the questions presented to them, and whose decision shall be final. Upon this section, as before stated, the respondents rely in support of their contention that the railroad commissioners have jurisdiction.

By Acts 1896, No. 148, § 53, Sub. 44, it is provided that the city council of the city of Burlington shall have power "to fix, demand, impose and enforce such terms, conditions and regulations for the use or occupation of any street or highway in said city by any street railroad, traction company * * * or any person enjoying the privileges or exercising the functions of any such company aforesaid, as shall be just and reasonable, including any sum or sums of money to be paid to said city for the use of any street or highway by any or all of said companies, for the purpose of

laying, maintaining and operating any street railway therein, or for the purpose of therein erecting and maintaining any poles, wires or any other apparatus, in or under the surface of said street; and to prohibit the use of such street by any such company or person until such terms have been complied with.  In case any such company or person cannot agree with said city upon such terms, said company or person may apply by petition to the county court within and for the county of Chittenden, and said court shall thereupon, after hearing all parties interested therein, fix such terms as shall be just and reasonable, and make all necessary orders for carrying its decision therein into effect."

This enactment, by implication, repeals V. S. Chap. 170, as to the city of Burlington, in so far as that chapter relates to the subject matter of the powers thus conferred upon the city council.  1 Dillon Mun. Corp. § § 87, 88; *St. Johnsbury* v. *Thompson*, 59 Vt. 300; *State* v. *Smith*, 63 Vt. 208.

The remedy provided by the city charter covers the subject matter of the application of The Burlington Traction Company now pending before the railroad commissioners, and must, therefore, be resorted to even though proceedings may have been begun under the provisions of V. S. Chap. 170, although begun prior to the time when the city charter took effect, unless such application was a suit or civil cause within the meaning of V. S. 28 and 29, pending at the time Acts 1896, No. 148, took effect on the first Monday of April, 1897, and was thereby saved from the effect of such repeal. *South Carolina* v. *Gaillard*, 101 U. S. 433; *Gurnee* v. *County of Patrick*, 137 U. S. 141; *Grand Trunk Railroad Company* v. *Board of County Commissioners*, 88 Me. 225: 33 Atl. Rep. 988; *Webster* v. *County Commissioners*, 63 Me. 27.

If the railroad commissioners had jurisdiction of the subject matter of said application at the time it was filed with them, which is not decided, and said application was a suit or civil cause within the meaning of § § 28 and 29, they

ceased to have jurisdiction thereof after the first Monday of April, 1897, unless it was then pending before them within the meaning of the sections last cited.

The respondent, The Burlington Traction Company, contends that such application was such a suit or civil cause, and that it was pending at the time this act took effect. The application was filed with the railroad commissioners March 11, 1897, but notice thereof was not served upon the complainant until August 7, 1897. Were said railroad commissioners to be held to be a tribunal of such a character that a proceeding of this kind before it was a suit or civil cause within the the meaning of the statute, the contention of the respondent that it was then pending, cannot be sustained. Such proceeding was not pending within the meaning of the statute until the application had been legally served upon the complainants, and the railroad commissioners had thereby acquired jurisdiction over both parties. It has been held that the date of the service of a writ is to be taken as the commencement of the suit, for most purposes, except for interrupting the running of the statute of limitations. *Hall* v. *Peck*, 10 Vt. 474; *McDaniels* v. *Reed*, 17 Vt. 678; *Hawley* v. *Soper*, 18 Vt. 320; *Stanley* v. *Turner*, 68 Vt. 315; *Howard* v. *Bartlett*, 70 Vt. 314. We see no reason why such should not be the rule in respect to a proceeding of this kind. Hence, §§ 28 and 29 did not prevent the repeal of V. S. Chap. 170 so far as it related to said application.

But there is another and more decisive reason why this contention of the respondents cannot be sustained. The words, "suit" and "civil cause," as used in §§ 28 and 29 must be construed to include only actions which are commenced in a court of justice, or which may come before such court by appeal from the decision of the tribunal before which they are commenced and such other proceedings as are required to be commenced before tribunals not courts, as a condition precedent to giving courts jurisdiction of the matter involved in such proceedings. These words do not

include proceedings before a board whose functions are merely administrative or ministerial, although it may possess so much of the judicial function as may be involved in making inquiry, nor before a board whose decision is final.

In the case of *Dunn* v. *Pownal*, 65 Vt. 116, upon which the respondents rely, the proceedings begun before the selectmen were the basis of the proceedings then pending in the county court, and that case is therefore in accord with the construction now given to the words "suits" and "civil cause."

It therefore follows that the application of The Burlington Traction Company, pending before the railroad commissioners, is not a suit or civil cause within the meaning of § § 28 and 29.

Holding as we do in respect to the questions already considered, it becomes unnecessary to consider the other questions presented by the briefs of the respective parties and discussed by them, as the petitioner must prevail.

> *Judgment that a writ of prohibition issue against the railroad commissioners and The Burlington Traction Company, commanding them not to proceed further with the application of The Burlington Traction Company filed with said commissioners March 11, 1897, and that the petitioner recover its costs of the respondent, The Burlington Traction Company.*