JOHN E. TRACY *v.* GRAND TRUNK RAILWAY CO.

January Term, 1903.

Present:    TYLER, MUNSON, WATSON, and HASELTON, JJ.

Opinion filed February 29, 1904.

*Statute of Limitations—Extension of Period—Previous Ac-
    tion—Commencement—Failure of Service—Unavoidable
    Accident—Evidence—Motion to Dismiss.*

The inquiry under a motion to dismiss relates only to what appears
    of record.
For most purposes, if not for all not relating to the Statute of
    Limitations, an action is not commenced until process is served.
Under the general provisions of the Statute of Limitations, the time
    of issuing the writ is the commencement of the action, provided
    due service follows, but not otherwise.
When a writ is issued with the purpose on the part of the plaintiff to
    have it served and proceeded with, and service thereof fails

through unavoidable accident, the suit is commenced within the meaning of V. S. 1214, which is an exceptional provision of the Statute of Limitations.

A writ "fails of sufficient service," within the meaning of V. S. 1214, when there is an utter failure of service.

When the evidence tends to show that a writ was issued within the period of limitations, and the next day plaintiff's attorney in another county sent the writ by mail to the clerk of the county court, with a letter requesting him to approve the bail and forward the writ to the plaintiff's local attorney by next mail; that the clerk complied with the request, but when the writ reached the office of the latter attorney he was away from home, but returned in about a week, when twelve days still remained for service; that he did not find the writ, and knew nothing of it until long after the time for service had expired, when it was discovered in a pigeonhole with matter relating to an official position held by the attorney, which had come in envelopes of the same size; that the attorney had assumed that his associates in the other county would attend to the service of the writ; that there was no doubt he acted in good faith; such evidence tends to show that the failure of service in question resulted from "unavoidable accident" within the meaning of V. S. 1214.

Oral evidence is admissible to show why a writ failed of sufficient service, although said writ was entered in court, and on motion, was dismissed for lack of seasonable service.

Though evidence be undisputed, yet, if it affords ground of opposing inferences of fact in the minds of reasonable men, it is for the jury to consider.

When the evidence relied upon to show certain facts is wholly oral, and there is no concession that the facts were what the oral evidence tends to show, the question cannot be taken from the jury except by a ruling, as a matter of law, against the party on whom the burden of proof rests.

CASE for personal injuries. Pleas, the general issue and Statute of Limitations. Replications, similiter and plea in confession and avoidance of the plea of the Statute of Limitations. Issue joined on said last named plea. Trial by jury at the October Term, 1902, Essex County, *Start,* J., presiding.

Verdict and judgment for the plaintiff. The defendant excepted.

All the facts stated in the opinion as to why the first writ was not seasonably served and returned were proved by oral evidence received subject to the objection and exception of the defendant. The opinion states the case.

*C. A. Hight, L. L. Hight* and *Chamberlain & Rich* for the defendant.

The court should have granted the defendant's motion for a verdict on the ground that the issue as to whether an action had been commenced within six years had already been heard and finally adjudicated in favor of the defendant. *Porter* v. *Gile, et al.,* 47 Vt. 620; *Dowling* v. *Polack,* 18 Cal. 626; *Leese* v. *Sherwood,* 21 Cal. 152; *Zoller* v. *McDonald,* 23 Cal. 136; Black on Judgments, (last ed.) §§ 691, 692, and cases in notes; *Welter* v. *Schetten,* 46 N. W. Rep. 201, 203; *Mayhy* v. *Henry,* 83 N. C. 298; *Dwight* v. *St. John,* 25 N. Y. 203; *Blanchard* v. *Webster,* 62 N. H. 467; *Wilson* v. *Otis et al.,* 71 N. H. 483; *Boyle* v. *Kansas City,* 51 Mo. 454; *Scribner* v. *Surch,* 39 Mich. 98; *Cooper* v. *Reynolds, Lessee,* 10 Wall. 308; *Cromwell* v. *Sac County,* 94 U. S. 551; *Nesbitt* v. *District,* 144 U. S. 610; *Commissioners* v. *Platt,* 79 Fed. 567; *Outram* v. *Morewood,* 3 East. 246; Freeman on Judgments, § 16.

In ordinary cases the action is not commenced until the writ is served. *Stanley* v. *Turner,* 68 Vt. 315; *Randall* v. *Bacon,* 49 Vt. 20; *Howard* v. *Bartlett,* 70 Vt. 314; *Burlington* v. *Traction Co.,* 70 Vt. 491; *Day* v. *Lamb,* 7 Vt. 426; *Chapman* v. *Goodrich,* 55 Vt. 354.

On plaintiff's evidence the court should have adjudged as matter of law that the first writ did not fail of service by reason of unavoidable accident. *Scott* v. *School Dist.,* 67 Vt.

150; *Marble* v. *Hinds,* 67 Me. 205; *Packard* v. *Swallow,* 29 Me. 458; *Donnell* v. *Gatchell,* 38 Me. 218; *Hayes* v. *Stewart,* 23 Vt. 623; *Poland* v. *R. R. Co.,* 47 Vt. 73; *Bullock* v. *Dean,* 12 Met. 15.

*May & Simonds* for the plaintiff.

The question raised by the issue joined on the replication to the plea of the Statute of Limitations was for the jury, although the evidence was uncontradicted. *Barber* v. *Essex,* 27 Vt. 62; *Vinton* v. *Schwab,* 32 Vt. 612; *Willard* v. *Dow,* 54 Vt. 188.

Defendant can raise the question of *res adjudicata* only by plea. *Dunklee* v. *Goodenough,* 63 Vt. 459.

The former judgment on motion to dismiss only established that the service and return were defective. *Jericho* v. *Underhill,* 63 Vt. 85; Herman, Estop. Vol. 1, p. 112; *Riggs* v. *Pursell,* 74 N. Y. 378; *Leonard* v. *McArthur,* 52 Vt. 439; *Gusten* v. *Carpenter,* 51 Vt. 585.

HASELTON, J.   This was an action on the case tried by jury in the Essex County Court.   A verdict for the plaintiff was returned, and judgment was rendered thereon.   The cause of action was alleged to have accrued April 22, 1894.   The writ was dated September 20, 1900.   The defendant's pleas were the general issue and the Statute of Limitations.   The exceptions taken and relied on relate solely to that part of the case involving the Statute of Limitations.   To the defendant's plea of the statute the plaintiff replied, admitting that this action was brought more than six years after the cause of action accrued, but alleging that before the expiration of that period, that is, April 16, 1900, he commenced a suit against the defendant for the same cause of action, and that the writ therein failed of sufficient service by unavoidable

accident; that the former suit was returnable, and was returned, to the Essex County Court and that at the September Term, 1900, of said Court, said former suit was determined against the plaintiff solely because of such failure of sufficient service.

The plaintiff claimed that the case was brought within V. S. 1214 which provides that "if, in an action commenced within the time limited by the statute, the writ fails of sufficient service or return by unavoidable accident" the plaintiff may within one year after the determination of the original suit commence a new action for the same cause. In support of his claim the plaintiff, without objection, introduced in evidence the record of the former proceedings. This record showed the date of the former writ, April 16, 1900, service on August 11, 1900, docketing August 13, 1900; and that at the September Term, 1900, of said Court the defendant appeared specially and moved to dismiss for reasons stated as follows:

"1. Because it appears upon the face of the record that said action has never been legally commenced, and is not now legally pending before this court.

2. Because it appears upon the face of the record that the writ and process filed in said action was not served within twenty-one days from the date of said writ as required by law.

3. Because it appears upon the face of the record that said process was not entered and docketed in the county clerk's office on or before the expiration of twenty-one days from the date of issuing the same.

4. Because the defendant named in said action has never been legally served with process in said action, and the court had no jurisdiction over the said defendant by virtue of said action or process."

The record further recites that "after full hearing of said motion the court dismissed said action."

After the introduction of this record the plaintiff was allowed, subject to objection and exception on the part of the defendant, to introduce oral evidence for the purpose of showing why the writ in the original action was not served and returned within the twenty-one days limited therein.

The defendant claims that the very question upon which this oral evidence was received had been adjudicated in the former case after full hearing upon the merits. This contention is based upon the facts that the motion to dismiss presented, as the first ground for dismissal, that said former action had never been legally commenced, that a full hearing was had upon the motion, and that the court assigned no ground for dismissal, but sustained the motion generally.

But the inquiry under a motion to dismiss relates only to what appears of record. *Arel* v. *Centebar*, 73 Vt. 238, 50 Atl. 1064; *Alexander* v. *School District*, 62 Vt. 273, 19 Atl. 995; *State* v. *Johnson*, 72 Vt. 118, 47 Atl. 398; *Johnson* v. *Williams*, 48 Vt. 565; *Bliss* v. *Smith*, 42 Vt. 198; *R. R. Co.* v. *Bailey*, 24 Vt. 465; *Culver* v. *Balch*, 23 Vt. 618. A full hearing upon such a motion means only a full hearing of such matters as are within the scope of the motion. In the defendant's brief it is stated that "in order to decide whether or not the action had been legally commenced it would be proper and necessary for the court to determine, among other things, whether or not the writ was properly made and dated; whether or not it was made and sued out with the intention of immediate service; as it was not served until more than three months after the proper time for service it would be necessary for the court to pass upon the question as to why it was not served; whether the plaintiff after making the writ

had as matter of law or as matter of fact so acted as to abandon the suit." But, clearly, several matters are enumerated in the above quotation about which nothing appears in the record on which this motion to dismiss was granted, and which therefore under the practice in this State cannot be presumed to have been determined on a motion to dismiss. The presumption rather is that judgment on the motion passed on the clear and sufficient grounds for dismissal appearing of record and pointed out in the motion. It is suggested in argument that the oral evidence, taken under objection and exception and set out in the bill of exceptions herein, shows that the hearing on the motion to dismiss the former action was not confined to what appeared of record. But an examination of the evidence referred to merely shows certain questions in line with this suggestion. The answers to these questions are such that they fall short of being testimony to sustain the suggestion.

At the close of the evidence in this case the defendant moved the court to direct a verdict in its favor. This motion was overruled and the defendant excepted. The grounds of this exception were such that the basis was laid for the consideration not only of the claim already discussed but also of other claims, one of which is that it appears from the evidence introduced that the former action was never legally commenced. It is unquestionable that for most purposes, if not for all not relating to the Statute of Limitations, an action *in personam* is not treated as commenced until process is served. *Burlington* v. *Traction Co.*, 70 Vt. 491, 41 Atl. 514; *Howard* v. *Bartlett,* 70 Vt. 364, 40 Atl. 825; *Stanley* v. *Turner,* 68 Vt. 315, 35 Atl. 321; *Randall* v. *Bacon,* 49 Vt. 20. Under the general provisions of the Statute of Limitations the time of issuing the writ is regarded as the commencement

of an action, if due service follows and not otherwise. *Chapman* v. *Goodrich,* 55 Vt. 354; *Randall* v. *Bacon,* 49 Vt. 20; *Kirby* v. *Jackson,* 42 Vt. 552; *Day* v. *Lamb,* 7 Vt. 426. But V. S. 1214 is an exceptional provision of the Statute of Limitations, and the part of it under consideration is meaningless if an action cannot be commenced within the true interpretation of the statute unless service of the writ is made, for it in unmistakable terms applies to actions commenced which fail of service. A suit is commenced within the meaning of V. S. 1214 when the writ is issued with the purpose on the part of the plaintiff of having served and proceeded with, although the writ fails of service or of sufficient service, provided it so fails through unavoidable accident. Any other holding would be obnoxious both to the spirit and to the letter of the section in question.

We come now to the question, raised by the defendant's motion for a verdict, whether the evidence considered together tended to show that the writ in the former suit failed of service by unavoidable accident. That that writ failed of service there can be no question. It had failed of service when the period of twenty-one days after April 16, 1900, had expired. What was done with the writ in the August following went for nothing. But a case in which there is an utter failure of service is as much within the contemplation of the statute in question as a case in which something is done towards service, but not enough to amount to legal service. No service is insufficient service. See *Bullock* v. *Dean,* 12 Met. 15; *Marble* v. *Hinds,* 67 Me. 203.

The plaintiff's evidence tended to show facts which may be stated in narrative form as follows: The plaintiff's attorneys were Bates, May & Simonds of St. Johnsbury in Caledonia County, and Porter H. Dale of Island Pond in the

county of Essex. The writ in question was issued April 16, 1900, and the next day plaintiff's counsel in St. Johnsbury sent the same, by mail, to the clerk of the Essex County Court at Guildhall. With the writ counsel enclosed a letter requesting the clerk to approve the bail, if good, and to forward the writ to Porter H. Dale at Island Pond by next mail. The clerk received the writ, approved the bail and forwarded the writ as requested, on the 18th day of April, in an envelope properly addressed and stamped. At that time 19 days remained for service. Mr. Dale was then away from home, but returned in about a week, that is, when a period of some 12 days still remained for service. Upon his return he did not find the writ and knew nothing about it until some time in the following August, just before the attempted service was made, when his attention was called to the matter by Mr. May who, in setting cases for trial in the Essex County Court, discovered that the writ had not been returned, and immediately wrote Mr. Dale about the matter. Thereupon search was made and the writ was found in a pigeon-hole in Mr. Dale's office. Mr. Dale was deputy collector of customs at Island Pond and the envelope with the writ in it was found with official mail which had come in envelopes of the same general kind to which that belonged that contained the writ. There was another government officer in Mr. Dale's office who had authority, in his absence, to open and examine official mail. How the writ became pigeonholed can, however, only be conjectured. Mr. Dale assumed that his associates in St. Johnsbury would attend to and were attending to the service of the writ, but that fact was not the reason why he did not receive the writ. The testimony left no room for doubt that he was acting in good faith as one of the attorneys for the plaintiff, and that if he had actually got the writ he would

have attended to its service. The proximate cause of the failure of service was the fact that a writ duly mailed at Guildhall on the 18th of April, to Mr. Dale at his residence and place of business at Island Pond, did not get into the hands of Mr. Dale within the next 19 days, but was in some way mislaid in his office. This evidence tended to show an unavoidable accident, unless counsel, prior to the expiration of the time of service, were wanting in due diligence in respect to the matter.

Two cases arising under statutes like ours are much in point and will be briefly reviewed. The first of these is cited both by the plaintiff and by the defendant, and the second is cited by the defendant.

In *Bullock* v. *Dean,* 12 Met. 15, it appeared that the plaintiff sued out a writ 16 days before the time when his cause of action would be barred by the Statute of Limitations. In this writ the defendant was described as of the town of Taunton, which had been his former residence, although he had resided elsewhere for about two years. The writ was placed in the hands of an officer proper to make service in the town of Taunton, who was not able to find the defendant, and so the writ failed of service. The court held that the writ failed of sufficient service by reason of unavoidable accident, and that a second suit brought within one year after the determination of the first was maintainable.

In this case the court treat the creditor as not wanting in due diligence, although, of course, after the failure of service, the creditor and the court could see how the mistake or accident could have been prevented. The phrase "unavoidable accident," the court says, "must have a reasonable construction, and does not mean to limit the case to a cause which no possible diligence could guard against, but an unforeseen

cause, preventing the service of the writ where due diligence has been used by the creditor to commence his suit seasonably by the due and ordinary course of law."

The scope of the case of *Bullock* v. *Dean* can be understood only by reading the statement of the case in connection with the opinion of the court.

The defendant relies largely upon the case of *Marble* v. *Hinds,* 67 Me. 203. In that case the plaintiff sought to avoid a plea of the Statute of Limitations by setting up in substance that he sued out a writ against the defendant one day before the expiration of the statutory period of limitation; that after keeping the writ in his hands two months and twelve days he mailed it to an officer at so late a time that, if there was no delay in the mails, and the officer received the writ immediately upon its arrival at the postoffice, he would have but one day and a fraction of another in which to make service; that the officer did not receive the writ in season for service and that so the writ failed of service.

In this case counsel for the defendant did not attack the case of *Bullock* v. *Dean,* but distinguished it. The court on its part refers, with apparent approval, to the Bullock case and quotes from the opinion. Then, in distinguishing the case before it, the Maine Court says: "Here is no failure by unavoidable accident. The plaintiff claims that his writ was made on September 2, 1874. The writ if then made, remained in the hands of the plaintiff or his attorney until November 14th following. There was ample time in which the service could have been made. It was gross neglect on the plaintiff's part that the writ was not sooner forwarded. That cannot be deemed unavoidable accident which could have been so easily avoided. The risks of the probable absence of the deputy sheriff from home on the last day of service and of the

possible miscarriage of the mail were unnecessarily and negligently incurred." The two cases are clearly distinguishable and are in entire harmony. The Maine case was obviously beyond the help of the doctrine which saved the case of *Bullock* v. *Dean.*

We think that these two cases are both good law and that from them a definition can be drawn as to what constitutes "unavoidable accident" within the meaning of that phrase as used in V. S. 1214; and we hold that the evidence here tended to show a failure of service by reason of unavoidable accident; that the failure of Mr. Dale to receive the writ within 19 days after it was mailed to him by the county clerk of his county was something which could not reasonably be foreseen. The writ was sent by the county clerk in the same way in which jurors are summoned, under the law of this state, not less than ten nor more than twenty days before the opening of the term at which they are required to appear. In so important a matter as the summoning of jurymen the law regards the possibility that a juryman will not within ten days actually receive the summons mailed to him from his county seat as too slight to call for any other mode of service. .

In this case it can now be seen that steps might have been taken which would have prevented the accident in question. After every accident not such as the law terms an Act of God, ways can be pointed out in which the accident could have been avoided; and an accident may be unavoidable within the meaning of the statute in question and still fall short of being an "Act of God."

Our holding is that the evidence in this case tended to show that the failure of service in question resulted from "unavoidable accident" in that it tended to show that neither the plaintiff nor his attorneys nor any one for whose conduct

the plaintiff was responsible was lacking in the exercise of such due and reasonable diligence as the business in hand called for.

Whether the writ in the former suit was taken out with the intention of having it served, and whether there was an abandonment of the former suit, are questions which this court treats as fairly raised by the exception to the overruling of the motion for a verdict; and it is held that the evidence tended to show that such writ was sued out with the intention named and that there was no abandonment of the former suit.

All the oral evidence that was received under objection and exception was admissible, and the defendant was not entitled to have a verdict directed in its favor.

In charging the jury, the trial court gave a definition of the phrase "unavoidable accident." To this the defendant took an exception, but in argument this exception was waived. This court has, therefore, no occasion to consider the adequacy of that definition, nor to attempt a comprehensive and precise definition of the phrase. All has been said in that regard that is necessary to a disposition of the questions presented by the case as argued.

The defendant also excepted to the submission of the question of unavoidable accident to the jury on the ground that as the evidence was not in dispute the question was one of law for the court. It sometimes happens that though the evidence is undisputed it is such as to afford ground for opposing inferences of fact in the minds of reasonable men. When the evidence is of such a character it is for the jury to consider it. However, it seems unnecessary to consider whether the evidence here was of such a character or not. Since, as we have already seen, the tendency of the evidence was such that the court could not rule as matter of law, that

there was no unavoidable accident, the defendant cannot complain because the trial court, instead of ruling as matter of law against it on this point, submitted the question of unavoidable accident to the jury.

Besides the evidence relied on to show unavoidable accident was oral, and so far as appears there was no concession that the facts were what this oral evidence tended to show. The issue was to the jury and without such a concession the question could not be taken from the jury except by a ruling as matter of law against the plaintiff, the party on whom the burden of proof rested. Such ruling the tendency of the evidence would not permit.

*Judgment affirmed.*